RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0218p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 09-3259

TALIF HAMEED,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 04-00555-003—Peter C. Economus, District Judge.

Decided and Filed: July 26, 2010

Before: BATCHELDER, Chief Judge; MOORE and COLE, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Donna M. Grill, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Toledo, Ohio, for Appellant. Bernard A. Smith, ASSISTANT UNITED STATES ATTORNEY, Akron, Ohio, for Appellee.

MOORE, J., delivered the opinion of the court, in which COLE, J., joined. BATCHELDER, C.J. (pp. 15-19), delivered a separate opinion concurring in part and dissenting in part.

_____

**OPINION**

_____

KAREN NELSON MOORE, Circuit Judge. Talif Hameed pleaded guilty to one count of conspiracy to possess with intent to distribute crack cocaine and one count of being a felon in possession of a firearm. Under § 2D1.1 of the U.S. Sentencing Guidelines ("U.S.S.G."), which lists the base offense levels corresponding to the quantity of drugs attributable to a defendant, Hameed's sentencing range would have been 78 to 97 months of imprisonment. Hameed also faced a statutory mandatory minimum of ten years, but the

1

government filed substantial-assistance motions under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, allowing the district court to impose a sentence below the mandatory minimum. After granting these motions, the district court resorted to the guideline range applicable under § 2D1.1, granted a one-level departure therefrom, and sentenced Hameed to 70 months of imprisonment. Following two guidelines amendments that reduced advisory sentences for most crack offenses, Hameed moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). The district court concluded that Hameed was ineligible for relief and denied the motion.

As explained below, we agree. A defendant is not eligible for a reduction of sentence under § 3582(c)(2) unless (1) his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," § 3582(c)(2), and (2) the amendment on which he relies "ha[s] the effect of lowering the defendant's applicable guideline range," U.S.S.G § 1B1.10(a)(2)(B). *See United States v. Pembrook*, — F.3d —, 2010 WL 2499656, at *2 (6th Cir. June 11, 2010) (setting forth these two requirements). Although we believe that Hameed's sentence ultimately was "based on" a drug-quantity guideline range that has since been lowered, we conclude that that guideline range was not "applicable" because it was not a proper basis for the substantial-assistance departure he received. Accordingly, we **AFFIRM**.

## I. BACKGROUND

Hameed and four other men sold crack out of two residences in Warren, Ohio from December 2003 through June 2004. A grand jury indicted Hameed on one count of conspiracy to possess with intent to distribute and to distribute crack cocaine, three counts of crack distribution based on separate $20 sales, two counts of possession with intent to distribute crack, and one count of being a felon in possession of a firearm. Pursuant to a nonbinding plea agreement, Hameed pleaded guilty to the conspiracy and firearm counts, and the government dismissed the other charges.

In the plea agreement, Hameed agreed to be held responsible for between twenty and thirty-five grams of crack. Under the then-applicable version of U.S.S.G. § 2D1.1—which we shall refer to as the "crack guidelines"—that amount of crack resulted in a base offense level of 28. A two-level enhancement for the firearm and a three-level reduction for

acceptance of responsibility lowered Hameed's total offense level to 27. Based on a criminal-history category of II, his guideline range was 78 to 97 months. Because Hameed's offense involved more than five grams of crack and he had previously been convicted of a drug felony, a mandatory minimum of ten years of imprisonment applied under 21 U.S.C. §§ 841(b)(1)(B), 851. Hameed avoided the statutory minimum, however, by rendering substantial assistance to the government in investigating or prosecuting others. The government filed motions under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, allowing the district court to impose a sentence below ten years. At the sentencing hearing on November 1, 2005, the district court granted the motions.

The sentencing transcript reveals that the district judge, the parties, and the probation officer disagreed about the point from which any departure should be granted. Consistent with the presentence investigation report, the plea agreement, and the parties' expectations, the district judge began with the base offense level called for by § 2D1.1, level 28. The district judge added two levels for possession of a firearm, subtracted three levels for acceptance of responsibility, and subtracted an additional level for substantial assistance at the government's recommendation, for a total offense level of 26. Calculating the resulting guideline range as 70 to 87 months, the district judge sentenced Hameed to 70 months in prison, 4 years of supervised release, a $500 fine, and a $200 special assessment.

On November 1, 2007, Amendment 706 to the sentencing guidelines went into effect, reducing the base offense level for most crack offenses by two levels. U.S.S.G. Supp. to App. C, amend. 706 (2009). On March 3, 2008, Amendment 713 made Amendment 706 retroactive. *Id.*, amend. 713. Relying on those two amendments, Hameed moved for a modification of sentence under 18 U.S.C. § 3582(c)(2), which allows district judges to reduce sentences that were based on guidelines ranges later lowered by the U.S. Sentencing Commission. The government did not oppose. *See* Dist. Ct. Document ("Doc.") 89 (Mot. for Sent. Reduction at 2). Nonetheless, the district judge denied the motion, concluding that Hameed was ineligible for § 3582 relief because his sentence was based on the mandatory minimum, not a sentencing range that had since been lowered. Hameed timely filed this appeal.

## II. ANALYSIS

### A. Standard of Review

Normally, we review a district court's decision on whether to reduce a defendant's sentence under 18 U.S.C. § 3582 for abuse of discretion. *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009). But when, as in this case, a district court determines that a defendant is ineligible for a sentence reduction, we review the decision de novo. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010).

### B. Eligibility for a Reduction Under 18 U.S.C. § 3582

Generally, a district court may not modify a defendant's sentence after imposing it. 18 U.S.C. § 3582(c). Federal law creates an exception to this general rule when the sentencing judge relied on the sentencing guidelines and those guidelines later are made more lenient:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(2). In this case, there is a readily identifiable "sentencing range that has subsequently been lowered": the range produced by the drug-quantity provisions for crack-cocaine offenses found in U.S.S.G. § 2D1.1. *See* U.S.S.G. Supp. to App. C, amend. 706. Section 3582(c)(2) makes plain, however, that to establish eligibility for a sentence reduction under Amendment 706, Hameed will have to make two further showings: (1) that his 70-month prison sentence was "based on" a sentencing range produced by reference to § 2D1.1, and (2) that a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." We address each requirement below.

**1.    Whether Hameed's Sentence Was "Based On" U.S.S.G. § 2D1.1**

Hameed makes two arguments that his sentence was "based on" § 2D1.1.  First, he finds it significant that the district judge calculated the guideline range under § 2D1.1 before applying the mandatory minimum.  We have held in a related context, however, that a district judge's mere calculation of the sentencing range under § 2D1.1 does not render a defendant's sentence "based on" the crack guidelines range if that range is subsequently trumped by another provision of the guidelines.  *See United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009) (rejecting this argument when the defendant was sentenced to the low end of the career-offender guidelines); *see also United States v. Caraballo*, 552 F.3d 6, 9 (1st Cir. 2008) (rejecting the argument when the career-offender guidelines applied because § 2D1.1 was only "a way station along the road that the district court traveled in arriving at the appropriate sentencing range").  The same is true when an applicable mandatory minimum is higher than the § 2D1.1 guideline range.  The statutory minimum becomes the guideline sentence and ordinarily is binding on the district judge.  *See* U.S.S.G. § 5G1.1(b).

Second, Hameed argues that his sentence was "based on" the § 2D1.1 guideline range because the district court in fact relied on that range in selecting a sentence *after* calculating the mandatory minimum.  In a limited set of situations, the district judge will not be bound by the mandatory minimum.  One such situation is when the government files a motion under 18 U.S.C. § 3553(e), indicating that the defendant has provided "substantial assistance in the investigation or prosecution of another person who has committed an offense."  Here, the government filed such a motion, along with a substantial-assistance motion recommending a departure from the sentencing guidelines under U.S.S.G. § 5K1.1, and the district judge returned to § 2D1.1 to calculate Hameed's ultimate sentence.  On this set of facts, Hameed's argument that his sentence was "based on" the crack guidelines has intuitive appeal.

Though in prior cases we have deemed defendants sentenced under enhanced sentencing provisions (specifically, a mandatory minimum or the career-offender guidelines) ineligible for § 3582(c)(2) relief because their sentences were not "based on" subsequently lowered sentencing ranges, none of those cases foreclose Hameed's "based on" argument. All involved defendants who did not receive a departure from a mandatory minimum or the

career-offender guidelines, who received a departure to a final sentence unrelated to the crack guidelines range, or who received a departure to a final sentence that happened to fall in the crack guidelines range but was not motivated by that range.

In *Gillis* and *United States v. Alexander*, 543 F.3d 819 (6th Cir. 2008), the defendants were sentenced as career offenders, but neither received a departure, so the final sentence was not related to the crack guidelines. *Gillis*, 592 F.3d at 699 (reasoning that Amendment 706 "has no effect on the *ultimate* sentencing range imposed on Gillis" (emphasis added)); *Alexander*, 543 F.3d at 825 (relying on the fact that "the sentencing range applied to [the defendant's] case is derived *exclusively* from the Guidelines' unamended career-offender provision set forth in U.S.S.G. § 4B1.1(a), not the amended drug-quantity table listed at U.S.S.G. § 2D1.1" (emphasis added)).

In *United States v. Johnson*, 564 F.3d 419 (6th Cir. 2009), the defendant received a departure below the mandatory minimum, but the ultimate sentence did not fall within or bear any apparent connection to the § 2D1.1 sentencing range. *Id.* at 421–23 (holding that defendant was ineligible for sentence reduction when § 2D1.1 produced a range of 235 to 293 months, the applicable statute required a minimum of 240 months, and the district judge sentenced the defendant to 108 months pursuant to a § 3553(e) motion). Thus, the only sentencing provision upon which the defendant's sentence plausibly could have been based was the predeparture mandatory minimum. *See also United States v. Williams*, — F.3d —, 2010 WL 2499384, at *4 n.2 (6th Cir. June 14, 2010) (holding that defendant was ineligible for sentence reduction when the district judge granted a § 5K1.1 departure from career-offender guidelines but did not use crack guidelines to select the final sentence, such that "the court's guidelines calculation remained *at all times* based on the career offender provisions" (emphasis added)); *United States v. Lockett*, 341 F. App'x 129, 131 (6th Cir. 2009) (unpublished opinion) (holding that defendant was ineligible for sentence reduction when the district judge granted a § 5K1.1 departure from career-offender guidelines but imposed a sentence above the § 2D1.1 range, making it clear that the court "never relied upon that offense level in calculating his sentence"); *United States v. Leasure*, 331 F. App'x 370, 378 (6th Cir. 2009) (unpublished opinion) (holding that defendant was ineligible for sentence reduction when the district judge granted a 62-month departure from career-

offender range, but giving no indication that the final sentence fell within the crack guidelines range).

Finally, in *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009), the district court departed downward from the career-offender guidelines and imposed a sentence that fell within the § 2D1.1 range, but there was no sign that the district court selected the final sentence *because of* the § 2D1.1 range that otherwise would have applied. *Id.* at 290, 292–93 (discussing the sentence as an application of the career-offender guidelines); *see also United States v. Parker*, 358 F. App'x 632, 633 (6th Cir. 2009) (unpublished opinion) (holding defendant ineligible for sentence reduction when district judge granted § 3553(e) motion and departed from 240-month mandatory minimum to a sentence of 150 months, which fell in the § 2D1.1 range of 135 to 168 months, but betraying no hint that the district judge intended to return defendant to the guidelines position he otherwise would have occupied).

Hameed's case is readily distinguished from each of these cases.[1] In determining whether a sentence was "based on" a subsequently lowered guideline range in a plain-meaning sense of the words, we must consider whether "the original sentence was, *in fact*, 'based on'" such a range, *Curry*, 606 F.3d at 329 (emphasis added); that is, we look to "what the district court actually said and did at the original sentencing," *United States v. Hargrove*, 628 F. Supp. 2d 241, 244 (D. Mass. 2009).[2] In Hameed's case, the district judge granted the government's substantial-assistance motions, which the judge understood as permitting him "to sentence the defendant pursuant to the sentencing

---

[1]One recent case presented a set of facts similar to those involved here. In *United States v. Pembrook*, — F.3d —, 2010 WL 2499656, (6th Cir. June 11, 2010), the district court calculated the defendant's crack guideline range, noted that the career-offender guidelines called for a higher range, and then explicitly departed downward to a sentence within the crack guidelines range. *Id.* at *1. On appeal, the majority did not address the "based on" requirement of § 3582(c)(2), evincing no disagreement with the dissent's statement that "[t]his condition has been satisfied in the present case because the district court based Pembrook's sentence on the crack cocaine Guideline range applicable to Pembrook absent Pembrook's career offender status." *Id.* at *6 (Rogers, J., dissenting). The majority held instead that the defendant was ineligible for a sentence reduction because the crack guidelines did not provide the "applicable guideline range" under U.S.S.G. §1B1.10(a)(2)(B). *Id.* at *4 (majority opinion).

[2]This inquiry does not confine us to the explicit statements made by the district court in pronouncing its sentence, notwithstanding the dissent's endorsement of such a limitation. It may be sufficiently clear that a district court used the crack guidelines to select a final sentence even though it did not say so—for example, when an attorney argued for such an approach and the court acted in accordance with it.

guidelines." Doc. 101 (Sent. Tr. at 2). The district judge then began his departure analysis from the base offense level applicable under § 2D1.1. He added two levels for possession of a firearm, subtracted three levels for acceptance of responsibility, and subtracted one level more at the government's recommendation, resulting in a total offense level of 26 and a guideline range of 70 to 87 months. Notably, this process followed the express recommendation of the Assistant United States Attorney, who stated that "the natural level in this case is a level 30 . . . . So it would be the government's position that the reductions for acceptance as well as the 5K would go from that level, because that's the natural level." Doc. 101 (Sent. Tr. at 7). The district judge then sentenced Hameed to the low end of the resulting range, 70 months of imprisonment.

Unlike in the cases we have previously considered, it cannot be said here that the district judge applied a sentencing range "derived exclusively" from a mandatory minimum or career-offender guideline, *Alexander*, 543 F.3d at 825, or that he "never relied upon [the § 2D1.1] offense level in calculating [the defendant's] sentence," *Lockett*, 341 F. App'x at 131. The record is clear that the district judge actually relied on the crack guidelines under § 2D1.1 in fashioning a sentence for Hameed. Thus, this is not a case in which "Amendment 706 . . . has no effect on the ultimate sentencing range imposed on [Hameed]." *Gillis*, 592 F.3d at 699. To the contrary, the district judge based Hameed's ultimate sentence on the crack guidelines, and Amendment 706 lowered those guidelines.

We find support for this commonsense conclusion in decisions involving the career-offender guidelines from four of our sister circuits. In *United States v. Williams*, 551 F.3d 182 (2d Cir. 2009), the Second Circuit rejected the argument that the defendant's sentence, arrived at after a substantial-assistance departure from a mandatory minimum, was "based on" the crack guidelines because "[t]here is no evidence that the Guidelines range calculated under U.S.S.G. § 2D1.1(c) played any role in the district court's determination of his sentence." *Id.* at 184. In so holding, the court left open the possibility that a defendant *would* satisfy the "based on" element if the

district court selected his post-departure sentence by reference to § 2D1.1.  In *United States v. McGee*, 553 F.3d 225 (2d Cir. 2009), the Second Circuit confronted just such a case.  There, the district court calculated the guideline range under § 2D1.1, applied the career-offender guidelines, and then specifically departed downward "to the level that the defendant would have been in absent the career offender status calculation and consideration."  *Id.* at 227 (internal quotation marks omitted).  The court held that McGee indeed was sentenced "based on" a subsequently lowered sentencing range "because the district court premised McGee's ultimate sentence on the crack cocaine guidelines."  *Id.*

In *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), while denying relief to the crack defendants before it, the Eleventh Circuit indicated that a sentence would be "based on" the crack guidelines if a court "reduced the defendants' offense levels to those that would be in effect absent the career offender guideline."  *Id.* at 1329 (discussing *United States v. Ragland*, 568 F. Supp. 2d 19 (D.D.C. 2008), and *United States v. Poindexter*, 550 F. Supp. 2d 578 (E.D. Pa. 2008)).  In *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010), the Fourth Circuit relied on *McGee*'s and *Moore*'s interpretation of § 3582(c)(2) to hold that a defendant's sentence was "based on" the crack guidelines on exactly that set of facts.  *See id.* at 189, 192.

Most recently, in *United States v. Cardosa*, — F.3d —, 2010 WL 2136664 (1st Cir. 2010), the First Circuit agreed that when a sentencing judge departs from the career-offender guidelines to the otherwise-applicable crack guidelines range, the sentence is "based on" a guideline range that subsequently has been lowered.  The court acknowledged that one could argue that under those circumstances a defendant's sentence is "based on" the predeparture career-offender guidelines, but it rejected this interpretation as the "less natural reading" of the "based on" clause of § 3582(c)(2).  *Id.* at *3.  Under the "more natural reading," when a judge departs "to some other guideline with its own sentencing range, it is perfectly fair to say that the sentence imposed is 'based on' that adopted range."  *Id.* at *4.  The First Circuit further explained that this plain-meaning interpretation of "based on" is supported by the policy rationale for

§ 3582(c)(2) and the crack sentencing amendments. *Id.* at *3. The Sentencing Commission amended the crack guidelines to alleviate the unwarranted sentencing disparity between powder and crack cocaine offenses, and it made the amendment retroactive to defendants previously sentenced under the overly severe regime. According to the First Circuit, the Commission's purposes are best served by concluding that any defendant whose final sentence in fact was chosen by reference to the crack guidelines satisfies the "based on" requirement. *See id.* We agree.[3]

To recapitulate, it is beyond peradventure that the district judge in this case actually relied on the crack guidelines in selecting a final sentence for Hameed after granting the government's substantial-assistance motions. Under these circumstances, we have no difficulty concluding that Hameed's ultimate sentence was "based on" a

---

[3]Three cases have read the "based on" requirement differently. In *United States v. Hood*, 556 F.3d 226 (4th Cir. 2009), the district judge explicitly considered the crack guidelines range in determining what sentence to impose in departing from a mandatory minimum under § 3553(e). *Id.* at 237 ("The district court stated at sentencing, '[I]f the court isn't bound by that statute [fixing the mandatory minimum], then the only thing left is the guideline range.'"). The facts suggested that had the revised crack guidelines been in place at the time, the sentence would have been even lower. Nonetheless, the panel eschewed a plain-language reading of "based on" and concluded that the district judge had based the defendant's sentence not on the crack guidelines but on the mandatory minimum. The thrust of the panel's reasoning, however, was that the crack guidelines were not a proper factor in determining the postdeparture sentence. *See id.* (explaining that the district court's consideration of the crack guidelines was "legally insignificant"). The Fifth Circuit echoed this approach in *United States v. Carter*, 595 F.3d 575 (5th Cir. 2010), stating in dicta that "it does not matter to the sentence-reduction analysis that a district court may have considered or purported to rely on general guideline provisions when calculating the extent of a downward departure" because "we will not consider a sentence to be 'based on' informal or erroneous considerations." *Id.* at 579 n.4.

We agree that the crack guidelines generally will not guide a district judge in selecting a departure for substantial assistance. But this premise does not change the fact that the district judge in *Hood* (and the hypothetical district judge discussed in *Carter*) in fact "based" the defendant's sentence "on" the crack guidelines. We see no reason to indulge any fiction to the contrary, or to hold that "based on" means one thing in mandatory-minimum cases and something entirely different in career-offender cases, as the dissent would have us do. There is, after all, no textual basis in § 3582(c)(2) for either course. The irrelevance of the crack guidelines to a substantial-assistance departure should not tempt us to rip the technical meaning of "based on" from the plain meaning of its component words; instead, it leads to a different conclusion also faithful to the text of a governing provision: that the crack guidelines were not "applicable." U.S.S.G. § 1B1.10(a)(2)(B).

In *United States v. Darton*, 595 F.3d 1191 (10th Cir. 2010), a case involving the career-offender guidelines, the Tenth Circuit held that a defendant could not point to a postdeparture guideline range to establish that his sentence was "based on" a range that subsequently had been lowered. The holding rested not on an interpretation of the "based on" language in § 3582(c)(2), however, but on an interpretation of the "applicable guideline range" language from § 1B1.10(a)(2)(B)—which we address below. The panel used the Guidelines Manual's definition of "departure" to define the "applicable guideline range" as the predeparture range. Because the circuit previously had decided that the "based on" and "applicable guideline range" provisions were identical, the panel concluded that a sentence could not be "based on" any postdeparture sentencing range for the purposes of § 3582(c)(2) eligibility. The court did not consider the plain meaning of "based on" or the possibility that the § 3582(c)(2) and § 1B1.10(a)(2)(B) requirements are not completely coextensive. *See id.* at 1194–97.

range dictated by § 2D1.1, "a sentencing range that has subsequently been lowered by the Sentencing Commission" in Amendment 706.

### 2.     Whether a Reduction Would Be Consistent with the Sentencing Commission's Policy Statements

Although we conclude that Hameed's sentence was "based on" a subsequently lowered sentencing range, he is not eligible for a reduction of sentence unless "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Hameed seeks to avoid this requirement altogether.  He objects that the policy statements and the guidelines in their entirety are only advisory.  To be sure, district judges are free to disagree with the guidelines on policy grounds and to vary based on the factors listed in 18 U.S.C. § 3553(a) when imposing an original sentence.  *Spears v. United States*, 129 S. Ct. 840, 843 (2009); *United States v. Booker*, 543 U.S. 220, 245 (2005).  The Commission's policy statements *are* mandatory, however, in the sentence-modification context, not by dint of the guidelines themselves but based on the plain text of a federal statute, § 3582(c)(2).  *See Dillon v. United States*, 130 S. Ct. 2683, 2010 WL 2400109, at *5–7 (2010); *Gillis*, 592 F.3d at 700; *Perdue*, 572 F.3d at 292.  Hameed next exhorts us to follow our recent decision in *United States v. Grant*, 567 F.3d 776 (6th Cir. 2009), *vacated for reh'g en banc* (Oct. 16, 2009), which held that district judges are not bound by the Commission's policy statements when reducing a sentence under Federal Rule of Criminal Procedure 35(b).  But Rule 35(b) and § 3582(c)(2) differ in a critical way:  the former was amended to remove any reference to the policy statements, whereas the latter retains a clause making those policy statements mandatory.  Thus, Hameed indeed must establish that a reduction of his sentence would be consistent with the Commission's policy statements to be eligible for discretionary relief under § 3582(c)(2).

One such policy statement provides:

A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2). Amendment 706 is among those listed in subsection (c). The issue, then, is whether Amendment 706 lowered Hameed's applicable guideline range.

Amendment 706's impact is well understood, so our inquiry focuses on the question, what is Hameed's "applicable guideline range"? Had no mandatory minimum applied, the applicable guideline range would have been that provided by the drug-quantity guidelines under § 2D1.1, which Amendment 706 lowered. Hameed did face a mandatory minimum, however, and the government essentially argues that the mandatory minimum, which Amendment 706 did not affect, became his applicable guideline range. *See* Appellee's Br. at 9–10. Presumably, the government relies on U.S.S.G. § 5G1.1(b), which provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

It is not obvious from the text of § 5G1.1(b) that a mandatory minimum automatically becomes the "applicable guideline range," or that it is the *only* "applicable guideline range" that matters in the sentence-reduction context. In *United States v. Jones*, 569 F.3d 569 (6th Cir. 2009), we acknowledged that "§ 5G1.1 is susceptible to two reasonable interpretations":

> First, § 5G1.1 reasonably may be construed to support the meaning of "guideline range" advanced by Jones. On this view, § 5G1.1 refers to two distinct concepts: the "applicable guideline range" and the "guideline sentence." The applicable "guideline range" is determined by the sentencing court based on the defendant's offense level and criminal history. When the statutory-minimum sentence is greater than the top of the guideline range calculated by the sentencing court, the statutory minimum effectively trumps the guideline range and becomes the "guideline sentence." U.S.S.G. § 5G1.1(b). Thus, § 5G1.1(b) contemplates a two-step process: first, the sentencing court must calculate the applicable guideline *range*; next, the sentencing court must

> determine whether the statutory minimum exceeds the top of the properly calculated guideline range.  If the statutory minimum is greater than the top of the guideline range, the statutory minimum becomes the guideline *sentence*.  On this reading of § 5G1.1(b), the guideline *range* does not become equivalent to, or merge into, the statutory minimum/guideline *sentence*.
>
> The dissent offers another reasonable reading of § 5G1.1.  In the dissent's view, when there is a mandatory minimum that is above the guideline range calculated by the sentencing court, that mandatory minimum, though a single point, becomes the 'guideline range.'

*Id.* at 572.  Elsewhere, we have stated that "[w]here a mandatory minimum sentence exceeds the otherwise applicable Guidelines range . . . it replaces that Guidelines range." *Johnson*, 564 F.3d at 423.  Nowhere have we ruled out the possibility that there might be multiple guideline ranges applicable to a single defendant's sentencing.

Ultimately, we need not resolve once and for all whether a mandatory minimum is a guideline "range" or whether it is always the only range that may be considered for the purposes of § 1B1.10(a)(2)(B).  Hameed's claim fails for another reason:  though § 2D1.1 surely provided a "guideline range," it did not provide one that was "applicable" to a departure for substantial assistance under § 3553(e) and § 5K1.1 in Hameed's case.

In *United States v. Stewart*, 306 F.3d 295 (6th Cir. 2002), we held that "the appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself." *Id.* at 332.  Here, the district judge intended to begin from the mandatory minimum but acceded to the parties' request that he take the base offense level prescribed by § 2D1.1 as his starting point.  Nonetheless, the guideline range resulting from that base offense level was not "applicable" because it was not the correct point from which the departure should have been measured.

Nor were the crack guidelines "applicable" in determining the extent of the departure Hameed received.  In *United States v. Bullard*, 390 F.3d 413 (6th Cir. 2004), we clarified that "a departure under section 3553(e) must be based *solely* upon the substantial assistance rendered by the defendant" and that "only factors relating to a defendant's cooperation may influence the *extent* of a departure pursuant to § 3553(e)."

*Id.* at 416 (internal quotation marks and brackets omitted). The crack guidelines would not appear to be relevant in determining the value of Hameed's cooperation and setting his ultimate sentence.[4]

We therefore conclude that even though Amendment 706 lowered the sentencing range that the district judge calculated under § 2D1.1 in Hameed's case, Amendment 706 did not lower an "applicable" guideline range as required by U.S.S.G. § 1B1.10(a)(2)(B). Thus, a sentence reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission" and is unavailable under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

To be eligible for a reduction of sentence under 18 U.S.C. § 3582(c)(2), a defendant must satisfy two conditions. First, he must have been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," *id.*, one of which provides that a guidelines amendment must "have the effect of lowering the defendant's applicable guideline range," U.S.S.G. § 1B1.10(a)(2)(B). Hameed can satisfy only one of the two conditions. His ultimate sentence was indeed "based on" the crack guidelines, and those guidelines have since been lowered, but they were not actually "applicable" to the departure he received pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. For that reason, the district judge correctly deemed Hameed ineligible for a sentence reduction under § 3582(c)(2). We therefore **AFFIRM**.

---

[4]We can imagine situations in which the crack guidelines would be relevant—for example, if a district judge considers the otherwise-applicable crack guidelines under § 3553(a) in deciding to award a smaller downward departure than would be warranted by the defendant's substantial assistance.

---

**CONCURRING IN PART AND DISSENTING IN PART**

---

ALICE M. BATCHELDER, Chief Judge, concurring in part and dissenting in part. I agree that Talif Hameed is not eligible for a reduction of sentence under 18 U.S.C. § 3582(c)(2). I disagree, however, with the majority's conclusion that Hameed's sentence was "based on" U.S.S.G. § 2D1.1. I also disagree with the majority's dicta regarding whether or not the statutory minimum is the only "applicable guideline range" for purposes of U.S.S.G. § 1B1.10(a)(2)(B). I therefore concur in part and dissent in part.

The majority's analysis of the "based on" prong of the test for eligibility for reduction of sentence does not take proper account of the key differences between a departure from a career offender guideline sentence and a departure from a statutory minimum sentence, namely, that a district court has very limited authority to sentence below that minimum, and that a departure from a statutory minimum is not the removal of that minimum. In *United States v. Pembrook*, __ F.3d __, 2010 WL 2499656 (6th Cir. June 11, 2010), we articulated the test for determining whether a defendant was eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). *Id.* at *2. That test has two parts: (1) was the sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) is "such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks, citation, and emphasis omitted). The second of those prongs, we explained, requires that the sentencing range subsequently lowered by the Commission must have been the particular defendant's applicable guideline range. *Id.* And this is indeed the two-pronged test that the majority opinion repeats.

In *Pembrook*, however, the defendant was sentenced under the career offender guidelines, not under a statutory minimum. *Id.* at *1. When considering a case involving the career offender guidelines it makes sense to follow the kind of fact-based analysis adopted by the majority because those guidelines are not mandatory — the

district court may reject them for appropriate reasons and substitute the crack guidelines instead. *See United States v. Herrera-Zuniga*, 571 F.3d 568, 584–85 (6th Cir. 2009); *United States v. Cole*, 343 F. App'x 109, 116 (6th Cir. 2009) (unpublished). In such a case, whether the district court did, in fact, explicitly rely on the crack guidelines instead of U.S.S.G. § 4B1.1— the Career Offender Guideline — is relevant to the determination of whether the sentence is "based on" the crack guidelines. It is therefore not surprising that the cases the majority opinion primarily relies upon all involve the career offender guidelines and not a statutory minimum. *See United States v. McGee*, 553 F.3d 225 (2d Cir. 2009); *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008);[1] *United States v. Cardosa*, 606 F.3d 16 (1st Cir. 2010).

Statutory minimum sentences, however, are mandatory, and the district court may not sentence below a statutory minimum except as permitted under 18 U.S.C. §§ 3553(e) or 3553(f). *Melendez v. United States*, 518 U.S. 120, 125–26 (1996); *United States v. Stewart*, 306 F.3d 295, 331 n.21 (6th Cir. 2002). Hence, in cases such as the one before us here, this two-part test collapses into one question: was the defendant sentenced pursuant to a statutory minimum? The reason for this is straightforward: A departure under § 3553(e), as the majority recognizes in the second part of its analysis, "must be based *solely* upon the 'substantial assistance' rendered by the defendant." *United States v. Bullard*, 390 F.3d 413, 416 (6th Cir. 2004).

"'Where a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence.'" *United States v. Johnson*, 564 F.3d 419, 422 (6th Cir. 2009) (quoting U.S.S.G. § 5G1.1(b)). Hameed does not dispute that the statutory minimum applied to him, and that the minimum was higher than the applicable crack guideline range under § 2D1.1. Hameed's guideline sentence was thus the statutory minimum sentence. The only way that the district court could sentence Hameed below that

---

[1]As I read *Moore*, the court did not "indicate[] that a sentence would be 'based on' the crack guidelines if a court 'reduced the defendants' offense levels to those that would be in effect absent the career offender guideline.'" Maj. Op. at 9 (quoting *Moore*, 541 F.3d at 1329). Rather, in the quoted section the court was merely distinguishing two relevant district court cases, but neither adopting the reasoning in those opinions nor expressing any approval of it.

statutory minimum was to grant the government's motion for a departure for substantial assistance under § 3553(e)[2] and U.S.S.G. § 5K1.1.  And that departure, as a matter of law, must be "based *solely*" upon the defendant's substantial assistance.  Therefore, regardless of what the district court said at sentencing, and regardless of the reasonableness of imposing a sentence that corresponded to the otherwise applicable "crack" guidelines sentence, the departure was not "based on" the crack guidelines.  The sentence was based on the statutory minimum; the departure was *from* the statutory minimum; the departure was based solely on Hameed's substantial assistance; and, although the crack guidelines were considered in determining the extent of that departure, neither the departure nor the sentence was based on those guidelines.  In short, no part of the sentence was based on anything other than the statutory minimum.  This is the result dictated by the statute, the guidelines, and our binding precedent.

This approach also finds support in Judge Niemeyer's well-reasoned opinion for the Fourth Circuit in *United States v. Hood*, 556 F.3d 226 (4th Cir. 2009).  In *Hood*, Judge Niemeyer found that two defendants who received § 3553(e) departures from statutory minimums were ineligible for sentence reductions under § 3582(c)(2) despite the fact that in one of the cases the district court "explicitly took into account the crack cocaine Guidelines range that would have been applicable but for the statutory minimum."  *Id.* at 237.  The court, however, found that the district court's comments

> were *legally insignificant* for purposes of the analysis under § 3582(c)(2). . . .  [Defendant's] sentence was based on a statutory minimum fixed by 21 U.S.C. § 841(b)(1)(A), from which the district court departed downward as authorized by 18 U.S.C. § 3553(e) for [Defendant's] substantial assistance, not on any "applicable guideline range" lowered by Amendment 706.  No guideline range was applicable, and Amendment 706 did not purport to reduce any factors that the district court was authorized to consider in quantifying a downward departure under § 3553(e).

*Id.* (emphasis added).  As the court succinctly put it, "§ 3553(e) allows for a departure *from*, *not the removal of*, a statutorily required minimum sentence."  *Id.* at 236 (internal

---

[2]No one suggests that § 3553(f) applies in this case.

quotation marks and citation omitted).  This approach has been directly followed in the Fifth Circuit, with similar holdings in the Eighth and Eleventh as well.  *See United States v. Carter*, 595 F.3d 575, 578–81 (5th Cir. 2010) (per curiam) (adopting *Hood*'s analysis); *United States v. Byers*, 561 F.3d 825, 832 (8th Cir. 2009); *United States v. Williams*, 549 F.3d 1337, 1341–42 (11th Cir. 2009) (per curiam).

Therefore, I would hold that when a statutory minimum applies, what the district court said is irrelevant for the purposes of § 3582(c)(2), and that this sentence was "based on" the statutory minimum and not the crack guideline range.

I also write separately to emphasize the limited (limited, indeed, to a vanishing point) reach of the majority's approach to the "based on" prong.  I read the majority's "based on" analysis as limited to those cases where the district court *explicitly* relies on the crack guidelines as a substitute for the statutory minimum.[3]  *See United States v. Williams*, __ F.3d __, 2010 WL 2499384, *2 n.2 (6th Cir. June 14, 2010) (distinguishing *United States v. McGee*, 553 F.3d 225 (2d Cir. 2009) based on the district court in *McGee* "explicitly" rejecting the career offender guidelines and "choosing to substitute the crack guidelines in calculating the range"); *United States v. Martinez*, 575 F.3d 82, 84 (2d Cir. 2009) (limiting *McGee* to cases where the district court "explicitly" departed from the otherwise applicable career offender guidelines to the crack guidelines); *United States v. Richardson*, 339 F. App'x 60, 61 (2d Cir. 2009) (same).  But regardless of what the district court said explicitly or otherwise, even under the majority's approach no defendant who was subject to a statutory minimum and received a departure under § 3553(e) is eligible for a sentence reduction under § 3583(c)(2).  The crack guidelines

---

[3]The majority states that after the district court granted the government's motion for a departure from the statutory minimum under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, it "resorted to the guideline range under § 2D1.1."  While this is not incorrect as far as it goes, it does not tell the whole story.  At the sentencing hearing, after a lengthy discussion of the appropriate method of calculation, the probation officer explained that the appropriate level was 28.  This was derived, correctly, by taking the first level to include the statutory minimum of 120 months (here offense level 29, criminal history category II), then subtracting a level for substantial assistance under §§ 3553(e) and 5K1.1. [R. 101 (Sentencing Transcript) at 8.]  The district court agreed, but stated that he would adhere to his policy of "sentenc[ing] in accordance with the stipulations in the plea agreement."  He further noted that the sentence under level 26, category II was "a bigger break than [Hameed] deserves."  The district court did not depart on its own initiative to the crack guidelines, but merely acquiesced to the parties' agreement.  *See United States v. McIntosh*, 484 F.3d 832, 836 (6th Cir. 2007) (affirming a sentence below the statutory minimum based on the government's consent in the plea agreement).

cannot be the "applicable guideline range" when the departure is "based *solely*" upon the defendant's substantial assistance and the departure is taken *from* the statutory minimum and does not remove it.  As we recently explained in *United States v. Avent*, a case in which the district court considered the otherwise applicable crack guideline range when determining the extent of the downward departure:

> [I]n *United States v. Pembrook*, this Court held that "the term 'applicable guideline range' in U.S.S.G. § 1B1.10 refers to a defendant's pre-departure guideline range."  Binding precedent compels the conclusion that [defendant's] mandatory minimum, rather than the crack-cocaine guidelines range, constituted [defendant's] pre-departure "applicable guidelines range" for the purposes of § 1B1.10.  Accordingly, Amendment 706 did not "have the effect of lowering [defendant's] applicable guidelines range," as § 1B1.10 requires, and the district court lacked the authority to resentence [defendant].

No. 09-5647, slip op. at 3 (6th Cir. July 13, 2010) (internal citations omitted).

Finally, I briefly note my disagreement with the majority's dicta regarding whether the statutory minimum "is a guideline 'range' or whether it is always the only range that may be considered for the purposes of § 1B1.10 (a)(2)(b)."  I regard those questions to be sufficiently answered by *Johnson* and numerous other opinions.  *See Johnson*, 564 F.3d at 423 ("Nor did the district court . . . conflate the concept of a Guidelines *range* with that of a Guidelines *sentence*.  Where a mandatory minimum sentence exceeds the otherwise applicable Guidelines range . . . it replaces that Guidelines range.").

Accordingly, I concur in finding that Hameed was not eligible for a sentence reduction under § 3582(c)(2), but dissent in part because I find that his sentence was not "based on" the crack guidelines.