ALICE M. BATCHELDER, Chief Judge,
concurring in part and dissenting in part.
I concur in the majority’s judgment that Clifton Maxwell is ineligible for a sentence reduction under 18 U.S.C. § 3282(c). However, I disagree with the implication that, in the case of a defendant who was sentenced pursuant to a statutory minimum, we must look both to whether the sentence was “based on” a Guidelines range that subsequently has been lowered, and whether the Guidelines range “applicable to” the defendant has been lowered. Rather, as I explained in United States v. Hameed, 614 F.3d 259 (6th Cir.2010), “in cases such as the one before us here, this two-part test collapses into one question: was the defendant sentenced pursuant to a statutory minimum?” Id. at 270 (Batchel-der, C. J., concurring in part and dissenting in part).
While the majority opinion comes to the correct conclusion, it is curious that it does not cite to United States v. Johnson, 564 F.3d 419 (6th Cir.2009), which — as even Maxwell concedes controls the outcome of this case. In Johnson, a defendant convicted of conspiring to distribute crack cocaine had a calculated Guidelines’ range of 235 to 293 months, but he was also subject to a mandatory minimum sentence of 240 months pursuant to 21 U.S.C. § 841(b)(1)(A). Prior to his sentencing, the government moved for a departure pursuant to 18 U.S.C. § 3553(e), based on Johnson’s substantial assistance. The district court granted the motion and sentenced him to 108 months. Years later, after Amendment 706 reduced the crack cocaine offense levels, Johnson moved for an additional sentence reduction, which the district court denied. We affirmed the district court, making no distinction between the “based on” and “applicable to” prongs that the majority seeks to promote. Instead, we clearly held that in cases such as Johnson’s, the defendant “was not in fact sentenced based on a Guidelines range that was subsequently reduced. Rather, his sentence was based on the mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A), which remained unchanged by Guidelines Amendment 706.” Johnson, 564 F.3d at 423. Thus, in cases such as these — and Maxwell’s is indisputably one of them — we do not look to “what the district court actually said and did at the original sentencing,” United States v. Hameed, 614 F.3d at 264, as that is inappo-site. Instead, we merely inquire as to whether the defendant was sentenced pursuant to a statutory minimum. If the answer is in the affirmative, then “where a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence.” U.S.S.G. § 5G1.1(b).