**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 11a0842n.06

**No. 09-4003**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
|     **Plaintiff - Appellee,** | **FILED**<br>***Dec 15, 2011***<br>LEONARD GREEN, Clerk |
| **v.** | **ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO** |
| **DONTEZ JOHNSON,** | |
|     **Defendant - Appellant.** | |
| _____ / | |

**BEFORE:**     **MARTIN, CLAY, and WHITE**, **Circuit Judges**.

    **CLAY, Circuit Judge.** Defendant, Dontez Johnson, appeals a district court order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), on the basis that Johnson was ineligible for a sentence reduction given his status as a career offender. For the reasons set forth below, we **AFFIRM** the district court's order.

**BACKGROUND**

    On September 1, 2004, a federal grand jury returned an indictment charging Johnson with one count of conspiracy to possess with intent to distribute and to distribute cocaine base ("crack-cocaine"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On April 13, 2005, Johnson pleaded guilty to the charge, pursuant to a written plea agreement.

The district court relied on a presentence report to determine Johnson's applicable sentencing range under the United States Sentencing Guidelines (the "Guidelines" or "USSG"). The report set Johnson's base offense level at 22, but adjusted it to 19 after a reduction for acceptance of responsibility. Based on Johnson's convictions for several prior drug trafficking offenses, the district court adopted the report's recommendation and deemed Johnson a career offender under Guideline § 4B1.1. The career offender provision enhanced Johnson's offense level to 32. Applying the acceptance of responsibility reduction, Johnson's total offense level was set at 29. At sentencing, the court granted the government's substantial assistance motion and further reduced Johnson's offense level to 24. Combined with a criminal history category of VI, the resulting Guidelines range was 100 to 125 months. On July 15, 2005, the district court sentenced Johnson within the Guidelines to 110 months in prison and three years of supervised release.

On June 17, 2009, Johnson moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The government opposed the motion. On August 13, 2009, the district court summarily denied Johnson's motion, reasoning that Johnson was not eligible for a reduction because his sentence was based on his career offender status.

Johnson timely appealed on August 17, 2009. Original jurisdiction exists under 18 U.S.C. § 3231. Appellate jurisdiction exists under 18 U.S.C. § 3742. *See United States v. Bowers*, 615 F.3d 715, 722 (6th Cir. 2010).

## ANALYSIS

### I.    Standard of Review

This Court reviews the district court's denial of a motion to modify a sentence under § 3582(c)(2) for abuse of discretion. *See United States v. Payton*, 617 F.3d 911, 912 (6th Cir. 2010).

A district court abuses its discretion if it relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009). Where, however, a district court declined to exercise its discretion, finding instead that it lacked the statutory authority to reduce a defendant's sentence, the district court's determination of ineligibility is reviewed *de novo* as a question of law. *Payton*, 617 F.3d at 913.

Following rulings by the Supreme Court in *Dillon v. United States*, 130 S. Ct. 2683 (2010), and by this Circuit in *United States v. Bowers*, 615 F.3d 715, this Court lacks jurisdiction over *Booker*-based arguments challenging a district court's factual findings or the procedural or substantive reasonableness of decisions made in a § 3582(c)(2) sentence reduction proceeding. *See id.* at 728.

## II. Sentence Reduction under 18 U.S.C. § 3582

A district court may modify a defendant's sentence only as provided by statute. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). Pursuant to § 3582(c)(2), a court may modify a term of imprisonment if a defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if such a reduction would be consistent with applicable Guidelines' policy statements. *See* 18 U.S.C. § 3582(c)(2); USSG § 1B1.10(a)(1). A reduction is inconsistent and therefore not authorized where the applicable Guidelines Amendment does not have the effect of lowering a defendant's Guideline range. USSG § 1B.10(a)(2)(B), policy

statement. Eligibility for a § 3582(c)(2) reduction is triggered only by listed Amendments. USSG § 1B1.10(a), comment. (n.1).

Johnson seeks a sentence reduction under Amendment 706 to Guideline § 2D1.1.[1] Amendment 706 lowered the base offense level for most crack-cocaine narcotics offenses by two levels. *See* USSG Supp. App. C, amend. 706 (effective Nov. 1, 2007) and amend. 713 (declaring Amendment 706 retroactive effective March 3, 2008). Amendment 706 is a covered amendment justifying consideration for a § 3582(c)(2) sentence reduction. *See* USSG § 1B1.10(c).

## III.    Application

On appeal, Johnson reasserts the arguments made to the district court. Johnson argues that his career offender status did not bar the court from reducing his sentence, because his sentence was based on his underlying crack-cocaine conviction and not on his career offender status. He additionally argues the court was not prohibited from considering whether the sentencing factors set out in 18 U.S.C. § 3553(a) or other discretionary considerations otherwise merited a reduction in his case, given the Supreme Court's holdings in *United States v. Booker*, 543 U.S. 220 (2005) and *Kimbrough v. United States*, 552 U.S. 85 (2007).

The district court concluded that it lacked the authority to grant Johnson's sentence reduction motion because Johnson's sentence was based on his career offender status, rather than his underlying narcotics offense. The court was correct in its analysis.

---

[1] Although Johnson did not cite to a specific Guidelines Amendment before the district court, he now clarifies on appeal that he seeks relief under Amendment 706.

Although a narcotics-based offense may originally be calculated under § 2D1.1, the defendant's sentence is not "based on" that provision if the § 2D1.1 range is subsequently trumped by another provision of the guidelines. *See United States v. Hameed*, 614 F.3d 259, 262 (6th Cir. 2010). Accordingly, this Court has consistently maintained that "'a defendant convicted of crack-related charges but sentenced as a career offender under Guideline § 4B1.1 is not eligible for a reduction based on Amendment 706.'" *United States v. Bridgewater*, 606 F.3d 258, 260–61 (6th Cir. 2010) (quoting *United States v. Curry*, 606 F.3d 323 (6th Cir. 2010) (citing *United States v. Perdue*, 572 F.3d 288, 292–93 (6th Cir. 2009))).

Once the district court determines that the defendant is ineligible for a § 3582(c)(2) sentence reduction, the Sentencing Commission's policy statements cabin the court's discretion to otherwise grant a reduction, and further inquiry must cease. *See Dillon*, 130 S. Ct. at 2692. Consequently, the district court was correct in refusing to consider Johnson's *Booker*-based arguments, because Johnson was ineligible for a sentence reduction, and *Booker* does not apply to sentence reduction proceedings.[2] *See id.* To the extent that Johnson reasserts attacks based on the reasonableness of the district court's decision, this Court lacks jurisdiction. *Bowers*, 615 F.3d at 727.

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** the district court's order.

---

[2] Because *Booker* does not apply in the context of sentence reduction proceedings, the district court also did not err in rejecting Johnson's related argument that the Guidelines' policy statements should have been treated as non-binding. *United States v. Hameed*, 614 F.3d 259, 267 (6th Cir. 2010).