NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1142n.06

No. 12-5163

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 05, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| ROJAUN DOWNS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM. Rojaun Downs, who is represented by counsel, appeals a district court order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

In 2006, Downs pleaded guilty to one count of possessing with the intent to distribute five grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). He was sentenced to a total of 120 months of imprisonment, which was the statutory mandatory minimum at the time of his sentencing. After the enactment of the Fair Sentencing Act of 2010, 28 U.S.C. § 994(u), the district court denied Downs a reduction in his sentence pursuant to section 3582, concluding that no reduction applied because Downs was given the statutory mandatory minimum sentence. Downs appeals, contending that the Fair Sentencing Act applies retroactively to his case to reduce his sentence.

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

The district court's decision is reviewed de novo. *See United States v. Hameed*, 614 F.3d 259, 261–62 (6th Cir. 2010). A reduction in a defendant's sentence under section 3852(c)(2) is appropriate only where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

A sentence reduction pursuant to section 3582(c)(2) can only be made on the basis of amendments to the sentencing guidelines. This statutory provision does not authorize a sentence reduction based on statutory changes to the mandatory minimum sentence, and amendments to the sentencing guidelines do not authorize a district court to impose a sentence below the statutory mandatory minimum. 18 U.S.C. § 3582(c)(2); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009). Thus, the district court did not have authority to reduce Downs's sentence.

Further, the Fair Sentencing Act does not apply retroactively to sentencing proceedings that were concluded prior to the statute's effective date. *See Dorsey v. United States*, 132 S. Ct. 2321, 2331, 2335 (2012). In this instance, Downs's sentence was imposed prior to the statute's effective date, rendering his argument without merit.

The district court's order is affirmed.