**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0586n.06

No. 12-5977

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | *Jun 18, 2013* |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| CLENNON FULLER, | ) | STATES DISTRICT COURT FOR THE |
| | ) | MIDDLE DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

Before: MARTIN and SUTTON, Circuit Judges; ADAMS, District Judge.[*]

ADAMS, J.  Appellant, Clennon Fuller, appeals the district court's conclusion that it did not have jurisdiction to resentence him.  In his appeal, he contends that the district court erred when it concluded that it did not have the jurisdiction to reduce his sentence because the district court had jurisdiction pursuant to 18 U.S.C. § 3582(c)(2).  Specifically, he asserts that despite being sentenced under the career offender guidelines, his sentence was "based on" a sentencing range subsequently lowered by the Sentencing Commission.  We affirm the district court's judgment.

## I. Background

On October 22, 2003, the Government indicted Fuller in a three-count indictment, charging him with one count of possessing crack cocaine with the intent to distribute, one count of carrying a firearm during and in relation to a drug offense, and one count of possessing a firearm as a

_____

[*] The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

convicted felon.  On September 21, 2004, Fuller pled guilty pursuant to a binding written plea agreement under Fed.R.Crim.P. 11(c)(1)(C) to one count of possession with intent to distribute cocaine and to one count of being a convicted felon in possession of a firearm.  Fuller acknowledged in the agreement his status as a career offender under the United States Sentencing Guidelines and the Government dismissed Count Two of the indictment, carrying a firearm during and in relation to a drug offense.  The parties agreed that the career offender guidelines applied and that his offense level was 34 with a 3-level reduction for acceptance of responsibility and that based on this level, his guideline range was 188 to 235 months.  On September 21, 2009, the District Court accepted Fuller's plea pursuant to the binding plea agreement.

Fuller's presentence report noted that Fuller's Adjusted Offense Level (subtotal) was 20.  However, the presentence report concluded that Fuller was a career offender pursuant to U.S.S.G. § 4B1.1, and his adjusted offense level was therefore 34.  Finally, three levels were subtracted for acceptance of responsibility, leaving Fuller with a Total Offense Level of 31.  Therefore, Fuller's Guideline's range was 188 to 235 months.  The parties did not object to the recommendation.  The District Court accepted the findings of the presentence report and sentenced Fuller to 188 months incarceration under the career offender guidelines.

On October 31, 2011, Fuller filed a pro se motion for retroactive application of the amendment to the crack cocaine sentencing guidelines.  The district court appointed Fuller counsel and counsel filed supplemental briefing on the issue.  The parties filed further briefing on the issue and on April 27, 2012, the district court held a hearing.  Notably, at the hearing, the district court instructed the parties to file additional briefing regarding whether the district court had jurisdiction

to reduce Fuller's sentence. Upon review, on June 8, 2012, the district court concluded that it had jurisdiction to re-sentence Fuller because "the crack cocaine range was 'a relevant part of' the Court's 'analytical framework...used to determine [Defendant's] sentence.'" Order, R. 48; Page ID #130. Accordingly, a supplemental presentence report was prepared, concluding that Fuller's guideline sentence range had not changed since his original sentencing.

On August 3, 2012, the district court held a purported sentencing hearing. At that time, the district court reconsidered its earlier decision that it had jurisdiction to re-sentence Fuller, explaining that

> after considering the law, I think that I do not know whether I have the authority to reduce the sentence or not. And the Government's position that even if I did, the Guidelines would remain the same at 188. So I am going to leave the sentence at that 188 months, but I will state for the Record that if I did have the authority to reduce the sentence and I was not bound by that 188, I would reduce it to 120 months. But I am going to leave it at the 188. And you can take me up on appeal with that knowledge of what the sentence would be should the Government's position not be sound.

Re-sentencing Transcript; R. 61. Page ID #186-87. Subsequently, Fuller appealed the trial court's denial of his motion. For the reasons set forth below, this Court AFFIRMS the decision of the District Court.

## II. Standard of Review

This Court reviews a District Court's determination that a defendant is ineligible for a sentence reduction de novo. *United States v. Hameed,* 614 F.3d 259, 262 (6th Cir. 2010) (citing *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010)).

### III. Analysis

Fuller contends that 18 U.S.C. § 3582(c) provided the district court with authority to re-sentence him because the original sentence was based on, in part, the crack cocaine guideline range, which has subsequently been lowered. The Government counters that Fuller's applicable guideline range was determined by his career offender status, and therefore he does not qualify for re-sentencing.

Section 3582(c)(2) states that

> The court may not modify a term of imprisonment once it has been imposed except that ... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This Court has explained that a defendant is "not eligible for a reduction of sentence under § 3582(c)(2) unless (1) his sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' § 3582(c)(2), and (2) the amendment on which he relies 'ha[s] the effect of lowering the defendant's applicable guideline range,' U.S.S.G § 1B1.10(a)(2)(B). See *United States v. Pembrook*, 609 F.3d 381, 383–84 (6th Cir.2010) (setting forth these two requirements)." *Hameed*, 614 F.3d at 260.

**Whether Fuller's Sentence was "Based On" U.S.S.G. §2D1.1**

Fuller contends that his sentence was "based on" the crack cocaine guidelines set forth in U.S.S.G. § 2D1.1 and that by retroactively amending the crack cocaine guidelines, the Sentencing

Commission unquestionably lowered Fuller's guideline range under the crack cocaine guidelines from 63-73 months to 30-27 months. While the Government does not contest that the amendment has this effect, it contends that it is not relevant because Fuller was sentenced under the career offender guidelines. Thus, the question before this Court is whether, within the meaning of § 3582(c)(2), Fuller's sentence was 'based on' the crack cocaine guideline range. This Court concludes that it was not.

Fuller points this Court to *Hameed,* for the proposition that "based on" means "based in meaningful part on." Fuller argues that "based on" does not mean "based solely on." Even presuming the application of the more liberal "based in meaningful part on" is appropriate, the Court would still conclude that Fuller's sentence was not "based on" the crack cocaine guidelines. *Hameed* explained that "[i]n determining whether a sentence was 'based on' a subsequently lowered guideline range in a plain-meaning sense of the words, we must consider whether 'the original sentence was, *in fact*, 'based on' such a range, *Curry*, 606 F.3d at 329 (emphasis added); that is, we look to 'what the district court actually said and did at the original sentencing,' *United States v. Hargrove*, 628 F.Supp.2d 241, 244 (D.Mass.2009)." *Hameed*, 614 F.3d at 264. Fuller points this Court to the district court's conclusion, in 2012, that it had jurisdiction to re-consider his 2005 sentence because

> at the sentencing hearing, the Court was informed that Defendant's offense level, based purely on the crack cocaine Guidelines, would have resulted in a a 63-to 78-month sentencing range. The Court therefore sentenced Defendant to a term of 188 months-a time period sitting at the low end of a broad career offender Guidelines range-having considered the 63-78-month range for the crack cocaine offense. As such, the crack cocaine range was a 'relevant part of' the Court's 'analytical framework...used to determine [Defendant's] sentence.'

Order. R. 48; Page ID #130. Fuller points to this purported acknowledgment as a post-sentence clarification that the 188 months imposed sentence was based "in meaningful part on" the crack cocaine guidelines.

This argument fails because the district court sentenced Fuller pursuant to the career offender guidelines, not the crack cocain guidelines. The record of the original sentencing shows that Fuller's counsel argued: "were it not for the Career Offender Guidelines, Mr. Fuller's drug offense Level would only be 63-78 months. It's the Career Offender Guidelines that are obviously making the sentence as high as it is.... This case is really indicative today for Mr. Fuller, for the Courts about how draconian the Career Offender Guidelines really is." Further, Fuller's counsel argued that "I truly think this case is demonstrative of the real problems with the Career Offender Guidelines in general[.]" Despite all of these arguments, the district court sentenced Fuller to 188 months– a point within the career offender range, not the crack cocaine range.

The district court's post-sentence clarification does not change the result. At most, it shows that the district court considered the crack guidelines as one among many factors in selecting a sentence within the career offender range. This will not do to demonstrate error. A sentence is based on a guideline only if it is imposed pursuant to that guideline. It is not enough that the guideline arguably played, as in this case, only some incidental role in the judge's final decision.

Fuller's argument would have far reaching implications, and this Court will not extend 18 U.S.C. §3582(c) to such a broad class of defendants. Such an extension would essentially afford *any* defendant with a crack cocaine offense re-sentencing, regardless of the actual basis for the original sentence.

Finally, this Court notes that our sister Circuits are unanimous that re-sentencing relief is unavailable to career offenders with regard to a retroactive amendment to the crack cocaine Guidelines. See *United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008); *United States v. Mock*, 612 F.3d 133, 138 (2d Cir. 2010); *United States v. Mateo*, 560 F.3d 152, 154-55 (3d Cir. 2009); *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009); *United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009) (per curiam); *United States v. Tingle*, 524 F.3d 839 (8th Cir. 2008) (per curiam);*United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009);*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008);*United States v. Moore*, 541 F.3d 1323, 1327-30 (11th Cir. 2008);*United States v. Berry*, 618 F.3d 13, 17-18 (D.C. Cir. 2010).

**Does the amendment have the effect of lowering Fuller's Guideline range?**

Based upon the Court's conclusion, above, that Fuller's sentence was not "based upon" the crack cocaine Guidelines, the amendment would not have the effect of lowering his guideline range. Accordingly, Fuller fails both prongs of the Court's analysis.

For the foregoing reasons, we AFFIRM.