**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0508n.06

No. 09-5668

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Aug 13, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **CLIFTON MAXWELL**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE: BATCHELDER, Chief Circuit Judge, and MOORE and COLE, Circuit Judges.

**COLE, Circuit Judge.** Defendant-Appellant Clifton Maxwell challenges the district court's denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Maxwell originally received a sentence lower than the otherwise-applicable statutory minimum following the Government's motion for a downward departure for substantial assistance pursuant to 18 U.S.C. § 3553(e). The district court later determined that he was ineligible for a sentence reduction under § 3582(c)(2) because his sentence was not based on a range set out in the United States Sentencing Guidelines Manual ("the Guidelines" or "U.S.S.G.") that subsequently had been reduced by the United States Sentencing Commission ("Sentencing Commission"). Because we find that no subsequently reduced Guidelines range is applicable to Maxwell, we **AFFIRM** the district court's decision.

## I. BACKGROUND

On February 8, 2002, a confidential informant purchased .8 grams of crack-cocaine from Maxwell in a transaction that was recorded by law enforcement. During the subsequent police investigation, cooperating co-conspirators admitted to obtaining large amounts of crack from Maxwell for distribution in Tennessee. On September 4, 2003, Maxwell was arrested. A search of his residence resulted in the seizure of seventy bags of heroin, a small quantity of marijuana, drug paraphernalia, a bulletproof vest, a .380 caliber semi-automatic pistol, a .45 caliber pistol, and ammunition for both weapons. On September 23, a grand jury returned a four-count indictment against him, charging him with (1) conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); (2) distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (3) distribution of heroin, in violation of §§ 841(a)(1) and (b)(1)(c); and (4) possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). On January 7, 2004, the United States filed a Notice of Enhanced Penalties pursuant to 21 U.S.C. § 851 based on his two prior convictions for felony drug offenses.

On April 27, 2004, Maxwell appeared before the district court and entered a plea of guilty, pursuant to a written plea agreement, to Counts One and Four of the indictment. The agreement stipulated that, from approximately September 2001 to September 2004, he knowingly and intentionally conspired with at least one other person to distribute and possess with intent to distribute 1.5 kilograms of cocaine base (crack-cocaine) and seventy bags of heroin, weighing approximately 12 grams. The agreement provided that Maxwell would cooperate with the United

States and that if, in the Government's opinion, he provided substantial assistance, the Government would file a motion for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). (*Id.*) The agreement also provided that, if Maxwell complied with its terms, the Government would not oppose a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), and would move for an additional level reduction, pursuant to U.S.S.G. § 3E1.1(b), if Maxwell's offense level was sixteen or greater.

On July 19, 2004, the United States Probation and Pretrial Services Office issued a Presentence Report ("PSR"). Using the 2003 version of the Guidelines, the PSR calculated Maxwell's base offense level at thirty-eight, which was lowered to thirty-five for Maxwell's acceptance of responsibility, and his criminal history category at six. Based on this adjusted offense level and criminal history category, the Guidelines range was set at 292 to 365 months. Because of Maxwell's two previous felony drug convictions, however, he was subject to a statutorily mandated minimum sentence of life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A). He also was subject to a consecutive minimum term of five years' imprisonment for the firearms offense.

No objections were filed to the PSR. On June 23, 2004, prior to Maxwell's sentencing, the Government filed a motion for a downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, recommending a sentence within the otherwise-applicable Guidelines range of 292 to 365 months, plus five consecutive years for the firearms offense. At the sentencing hearing on June 26, 2004, the district court granted the Government's motion and, stating that it had "no ability to evaluate the extent of Maxwell's cooperation other than what the government has [said] in their . . . motion," sentenced Maxwell to 328 months' imprisonment for the drug offense and 60 months for

the firearms offense, to be served consecutively, followed by 10 years of supervised release. (R. 99, Tr. of Sentencing Hr'g 17.)

On March 3, 2008, following the Sentencing Commission's enactment of Amendment 706 to the Guidelines—which, as further amended by Amendment 711, reduced the base offense level for most offenses involving crack-cocaine—Maxwell moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). On May 12, 2009, the district court denied the motion, reasoning that, because Maxwell was sentenced "based on the mandatory minimum rather than on a guideline range that was subsequently reduced, Amendment 706 would not have lowered the applicable guideline range and does not authorize a reduction in defendant's sentence." (R. 106, Order Den. Mot. to Reduce Sentence 2.) This appeal followed.

## II. ANALYSIS

We review de novo a district court's determination that a defendant is ineligible for a sentence reduction. *United States v. Curry*, No. 08-1732, 2010 WL 455364, at *3 (6th Cir. Feb. 10, 2010). A district court may modify a defendant's sentence only as provided by statute. *See* 18 U.S.C. § 3582(c) (stating that courts "may not modify a term of imprisonment once it has been imposed" other than pursuant to statutory exceptions). One such exception is set out in 18 U.S.C. § 3582(c)(2), which provides that a district court may reduce a sentence that is based on a subsequently lowered Guidelines range as long as the reduction is in accordance with applicable Policy Statements in the Guidelines:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the

> Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

One such Policy Statement is U.S.S.G. § 1B1.10, which identifies the Guidelines amendments (including Amendments 706 and 711) that may be applied retroactively and stipulates which defendants may benefit from them:

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

   (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

   (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a). Thus, under the combination of § 3582(c)(2) and § 1B1.10(a), a defendant may be eligible for a sentence reduction when (i) he has been sentenced "based on" a Guidelines range that subsequently has been lowered and (ii) the Guidelines range "applicable to" the defendant has been lowered as the result of an amendment listed in § 1B1.10(c).

Maxwell claims that he qualifies for such a reduction because Amendment 706, as further amended by Amendment 711, has the effect of lowering his applicable Guidelines range of 292 to 365 months to 235 to 293 months. Noting that the district court, in sentencing him to 328 months' imprisonment for the drug offense, relied on the Government's recommendation that he be sentenced within the otherwise-applicable Guidelines range, he argues that his sentence should be construed as being "based on" this range. Because we find that no Guidelines range subsequently lowered by the Sentencing Commission is applicable to Maxwell, however, we need not address whether the district court's reliance on the otherwise-applicable Guidelines range in calculating the value of Maxwell's substantial assistance satisfies the "based on" requirement of § 3582(c)(2). *Cf. United States v. Doe*, 564 F.3d 305, 309 (3d Cir. 2009) (finding it unnecessary to address § 3582(c)(2)'s "based on" requirement because § 1B1.10's "applicable to" requirement was not met).

In considering whether a defendant's sentence is "based on" a Guidelines range that subsequently has been lowered, we look to "what the district court actually said and did at the original sentencing." *See United States v. Hameed*, No. 09-3259, 2010 WL 2976048, at *5 (6th Cir. July 26, 2010) (internal quotation marks omitted). By contrast, when we consider whether a subsequently lowered Guidelines range is "applicable to" the defendant, we look to whether the sentencing framework established by statute and the Guidelines permits or requires consideration of that range in determining the defendant's final sentence. *See id.* at *8; *cf. United States v. Pembrook*, No. 08-6452, 2010 WL 2499656, at *3-*4 (6th Cir. June 11, 2010) (focusing on the Application Instructions to the Guidelines set out in U.S.S.G. § 1B1.1 in concluding that the crack-cocaine Guidelines range was inapplicable to the defendant). Here, the PSR calculated Maxwell's

adjusted offense level as thirty-five and his criminal history as six, resulting in a Guidelines range

of 292 to 365 months. This Guidelines range, as Maxwell notes, subsequently has been lowered by

Amendment 706. But this range was not "applicable to" Maxwell because his two previous felony

drug convictions rendered him subject to a statutorily mandated minimum sentence of life

imprisonment. Nor was this range applicable to the district court's calculation of a downward

departure from this minimum under 18 U.S.C. § 3553(e). "[T]he appropriate starting point for

calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum itself,"

*United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002), and "only factors relating to a

defendant's cooperation may influence the extent of [the] departure." *United States v. Bullard*, 390

F.3d 413, 416 (6th Cir. 2004) (internal quotation marks and brackets omitted). Thus, application of

the subsequently lowered Guidelines range was neither permitted nor required in calculating the

mandatory minimum sentence or the downward departure from it.[1]

Maxwell also argues that allowing a sentence reduction pursuant to § 3582(c)(2) only when

the requirements of § 1B1.10 are met effectively treats the Guidelines as mandatory, in violation of

*United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 552 U.S. 85 (2007).

Since Maxwell filed his appeal, however, the Supreme Court has rejected this argument in

addressing the related question of whether treating as binding § 1B1.10's requirement that a sentence

---

[1]That the district court, in determining the extent of the departure, followed the Government's recommendation that Maxwell be sentenced within the original Guidelines range is not relevant to the "applicable to" analysis. What the court actually did at sentencing is the subject of the "based on" inquiry, not the "applicable to" inquiry, which focuses on what the court was permitted and required to do.

reduction under § 3582(c)(2) be no greater than the amended Guidelines range implicates *Booker*.

*Dillon v. United States*, No. 09-6338, 2010 WL 2400109 (U.S. June 17, 2010). The Court reasoned that, because a sentence reduction under § 3582(c)(2) is not a full resentencing, the statutory requirement that the reduction comport with the Sentencing Commission's Policy Statements, including § 1B1.10, does not raise the constitutional issues at issue in *Booker*. *See id.* at \*5-\*7. While the question addressed in *Dillon* is slightly different than that at issue here, the Court's reasoning forecloses Maxwell's challenge.

### III.  CONCLUSION

For all the reasons above, we **AFFIRM** the district court's denial of Maxwell's motion for a sentence reduction pursuant to § 3582(c)(2).

**ALICE M. BATCHELDER, Chief Judge, concurring in part and dissenting in part.**

I concur in the majority's judgment that Clifton Maxwell is ineligible for a sentence reduction under 18 U.S.C. § 3282(c). However, I disagree with the implication that, in the case of a defendant who was sentenced pursuant to a statutory minimum, we must look both to whether the sentence was "based on" a Guidelines range that subsequently has been lowered, and whether the Guidelines range "applicable to" the defendant has been lowered. Rather, as I explained in *United States v. Hameed*, No. 09-3259 (6th Cir. July 26, 2010), "in cases such as the one before us here, this two-part test collapses into one question: was the defendant sentenced pursuant to a statutory minimum?" *Id.*, slip op. at 16 (Batchelder, C.J., concurring in part and dissenting in part).

While the majority opinion comes to the correct conclusion, it is curious that it does not cite to *United States v. Johnson*, 564 F.3d 419 (6th Cir. 2009), which — as even Maxwell concedes — controls the outcome of this case. In *Johnson*, a defendant convicted of conspiring to distribute crack cocaine had a calculated Guidelines' range of 235 to 293 months, but he was also subject to a mandatory minimum sentence of 240 months pursuant to 21 U.S.C. § 841(b)(1)(A). Prior to his sentencing, the government moved for a departure pursuant to 18 U.S.C. § 3553(e), based on Johnson's substantial assistance. The district court granted the motion and sentenced him to 108 months. Years later, after Amendment 706 reduced the crack cocaine offense levels, Johnson moved for an additional sentence reduction, which the district court denied. We affirmed the district court, making no distinction between the "based on" and "applicable to" prongs that the majority seeks to promote. Instead, we clearly held that in cases such as Johnson's, the defendant "was not in fact sentenced based on a Guidelines range that was subsequently reduced. Rather, his sentence was

based on the mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A), which remained unchanged by Guidelines Amendment 706." *Johnson*, 564 F.3d at 423. Thus, in cases such as these — and Maxwell's is indisputably one of them — we do *not* look to "what the district court actually said and did at the original sentencing," *United States v. Hameed*, No. 09-3259, slip op. at 7, as that is inapposite. Instead, we merely inquire as to whether the defendant was sentenced pursuant to a statutory minimum. If the answer is in the affirmative, then "where a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b).