NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0235n.06

No. 09-4545

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

CHRISTOPHER WILEY,

    Defendant-Appellant.

> **FILED**
>
> **Apr 15, 2011**
>
> LEONARD GREEN, Clerk

On Appeal from the United
States District Court for the
Northern District of Ohio at
Cleveland

---

**Before:**    **GUY, CLAY, and McKEAGUE, Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge.**    Defendant Christopher Wiley appeals from the denial of his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute crack cocaine, for which he faced a statutory mandatory minimum sentence of 120 months of imprisonment. However, as a result of the government's motion for downward departure for substantial assistance, defendant received a 92-month sentence. Later, defendant moved for reduction of his sentence pursuant to § 3582(c)(2), relying on amendments to the United States Sentencing Guidelines (USSG) that lowered the guideline sentencing ranges

applicable to most crack cocaine offenses. The district court denied the motion, and we affirm.

## I.

In June 2006, defendant was charged in a multi-count, multi-defendant indictment with one count of conspiracy to possess with intent to distribute cocaine base within 1,000 feet of school property, and two counts of distribution of cocaine base within 1,000 feet of school property. The government filed an information giving notice of its intention to seek a statutory enhancement based on a prior felony drug conviction, which would result in a mandatory minimum sentence of 120 months of imprisonment.

Defendant entered a written plea agreement, stipulating that he would be held responsible for at least 5 grams but not more than 20 grams of cocaine base. At the time, that quantity corresponded to a base offense level of 26 under USSG § 2D1.1(c)(6). The district court increased the offense level by two because the offense was committed within 1,000 feet of school property, USSG § 2D1.2(a)(1), and reduced the offense level by three for acceptance of responsibility, USSG § 3E1.1(a) and (b). With a resulting offense level of 25 and a criminal history category of VI, the advisory guideline range would be 110 to 137 months, but the mandatory minimum sentence set the floor of the range at 120 months of imprisonment. *See* USSG § 5G1.1(c).

The government also moved for a two-level downward departure for substantial assistance pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e), which allowed the district court to pierce the 120-month mandatory minimum sentence. With an offense level of 23

and a criminal history category of VI, the district court found the otherwise-applicable guideline sentencing range to be 92 to 114 months. Finding that a departure was warranted, the district court sentenced defendant to a 92-month term of imprisonment to be followed by three years of supervised release.

In 2009, defendant moved for reduction of sentence under § 3582(c)(2) based on Amendment 706, as modified by Amendment 711, which reduced the base offense level for most crack cocaine offenses by two levels, and Amendment 713, which allowed the changes made by Amendments 706 and 711 to have retroactive effect. *See* USSG App. C, amends. 706, 711, and 713. The district court denied the motion, finding that the defendant was not eligible for a reduction because he was subject to a mandatory minimum sentence. This appeal followed.

## II.

A district court's decision whether to grant a motion for reduction in sentence under § 3582(c)(2) is generally reviewed for abuse of discretion. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). However, when the district court does not exercise its discretion but instead concludes that it has no authority to reduce the defendant's sentence under the statute, the district court's determination that the defendant is ineligible for a sentence reduction is a question of law that we review *de novo*. *Id*.

A defendant's term of imprisonment may not be modified except as provided by statute. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir.), *cert. denied*, 130 S. Ct. 318 (2009). Section 3582(c)(2) allows a sentence modification "in the case of a defendant who

has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . .* after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*" 18 U.S.C. § 3582(c)(2) (emphasis added). Guidance from the Sentencing Commission can be found in USSG § 1B1.10(a), which provides, in part, that:

> (2)     *Exclusions.*—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>  . . . .
>
> (B)     an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

USSG § 1B1.10(a)(2) (eff. Mar. 3, 2008). The application notes clarify that a reduction of sentence is neither authorized by § 3582(c)(2) nor consistent with USSG § 1B1.10 when the amendment is applicable to the defendant, "but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." USSG § 1B1.10, cmt. n.1. Taken together, the test for determining a defendant's eligibility for a sentence reduction under § 3582(c)(2) asks (1) whether the sentence was "based on" a sentencing range that was subsequently lowered by the Sentencing Commission; and (2) whether, consistent with the applicable policy statements, the sentencing range lowered by the Commission was the particular defendant's "applicable

guideline range." *United States v. Pembrook*, 609 F.3d 381, 383-84 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1599 (2011).

Arguing that he was eligible for a sentence reduction under § 3582(c)(2), defendant contends that his sentence was "based on" the subsequently lowered crack cocaine guidelines because the district court relied on a sentencing range derived from the crack cocaine guidelines in granting the government's motion for downward departure. A recent decision of this court lends support to defendant's argument on this point. *See United States v. Hameed*, 614 F.3d 259, 264 (6th Cir. 2010). However, we need not determine whether the sentence in this case was "based on" the crack cocaine guidelines because—as was also the case in *Hameed*—the sentencing range lowered by Amendment 706 was not the defendant's "applicable guideline range." *Id*. at 267-69; *see also United States v. Maxwell*, 391 F. App'x 446, 450 (6th Cir. 2010) (finding that because subsequently lowered guidelines range was not applicable to the defendant because of a statutory minimum sentence, it was not necessary to determine whether the original sentence was "based on" the crack cocaine guidelines); *United States v. Gudger*, 390 F. App'x 482, 487 (6th Cir. 2010) (same). This court has consistently recognized that the statutory mandatory minimum sentence provides the appropriate starting point for calculating a downward departure under § 3553(e), and specifically held that the extent of a departure under § 3553(e) must be based *solely* upon the substantial assistance rendered by the defendant. *Hameed*, 614 F.3d at 268 (citing *United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002), and *United States v. Bullard*, 390 F.3d 413, 416 (6th Cir. 2004)).

This case is indistinguishable from *Johnson*, 564 F.3d at 420-21, in which we held that the defendant was not eligible for a reduction under § 3582(c)(2) because Amendment 706 did not lower the defendant's applicable guideline range. In *Johnson*, the defendant's crack cocaine guideline range was 235 to 293 months, but because he was subject to a mandatory minimum sentence of 240 months, the guideline range became 240 to 293 months. The district court granted the government's motion for downward departure for substantial assistance and sentenced Johnson to a term of 108 months' imprisonment. Johnson moved for reduction of sentence under § 3582(c)(2) in reliance on Amendment 706. This court affirmed the district court's denial of that motion because Johnson's sentence was based on the statutory minimum sentence, which remained unchanged by Amendment 706. *Id*. at 423; *accord United States v. McPherson*, 629 F.3d 609 (6th Cir. 2011); *United States v. Stiff*, No. 09-1115, 2011 WL 219904 (6th Cir. Jan. 24, 2011); *Maxwell*, 391 F. App'x at 450.

Finally, seeking to avoid the requirement that a reduction of sentence must be consistent with the policy statements of the Sentencing Commission, defendant argues that the district court erred by treating these policy statements as mandatory and by failing to consider the § 3553(a) factors in violation of *Booker* and its progeny. *See Spears v. United States*, 129 S. Ct. 840 (2009); *Kimbrough v. United States*, 552 U.S. 85 (2007); *United States v. Booker*, 543 U.S. 220 (2005). Defendant relies on a split of authority concerning the application of *Booker* in this context, but the Supreme Court has since held that § 3582(c)(2) does not authorize a plenary resentencing proceeding and that *Booker* does not apply to sentencing reduction proceedings under § 3582(c)(2). *Dillon v. United States*, 130 S. Ct.

2683, 2691, 2692-93 (2010). "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.* at 2691. This court has recognized *Dillon* as foreclosing the arguments made by defendant here. *See United States v. Watkins*, 625 F.3d 277, 282 (6th Cir. 2010); *Hameed*, 614 F.3d at 267; *Maxwell*, 391 F. App'x at 450-51; *Gudger*, 390 F. App'x at 487.

The district court's order denying defendant's motion for reduction of sentence under § 3582(c)(2) is **AFFIRMED**.