NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0268n.06

No. 09-3863

FILED
Apr 27, 2011
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| KEVIN DANIELS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |
| | ) | |

BEFORE:    GUY, CLAY, and McKEAGUE, Circuit Judges.

**McKeague, Circuit Judge.**  Defendant Kevin Daniels appeals from the denial of his motion

for reduction of sentence under 18 U.S.C. § 3582(c)(2).  Daniels pled guilty to a crack cocaine

offense, and the district court imposed a sentence of 41 months—below the mandatory

minimum—because the government sought a downward departure for Daniels' "substantial

assistance."  After amendments to the United States Sentencing Guidelines (U.S.S.G.) lowered the

guideline sentencing range applicable to his offense, Daniels sought a sentence reduction under 18

U.S.C. § 3582(c).  The district court denied the motion because his sentence was based on a

mandatory minimum. While it does appear that Daniels' sentence was "based on" the guideline range

that has now been lowered, that range was not the one "applicable to" him under this Court's

precedent and he is therefore not entitled to a reduction.  We **AFFIRM**.

**I.**

Defendant Kevin Daniels pled guilty in 2006 to one count of Conspiracy to Possess with Intent to Distribute 50 grams or more of crack cocaine, within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860(a). The defendant and government agreed that Daniels had a base offense level of 26 under U.S.S.G. § 2D1.1(c)(7). They also stipulated that a two-level increase was appropriate because the offense was committed within 1,000 feet of school property, U.S.S.G. § 2D1.2(a)(1), as well as a three-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1(a)-(b). This brought Daniels' offense level to 25. With a Criminal History Category of IV, his sentencing guideline range would be 84-105 months. U.S.S.G. Sent. Table, Ch. 5, Pt. A. A mandatory minimum of 60 months was applicable under 21 U.S.C. § 841(b)(1)(B), but at that time, the mandatory minimum was below the advisory guideline range.

However, at sentencing, the government strenuously moved for a six-level reduction under U.S.S.G. § 5K1.1, based on "substantial assistance." The government explained that Daniels had been an honest, helpful, and effective witness in several key drug-prosecution cases. The attorney stated that Daniels never lied to him, and did an "outstanding job" as "the best witness the United States had." The special agent involved in the investigation also spoke on Daniels' behalf, noting that "there were 29 individuals arrested" in this investigation, and "Mr. Daniels is the only one that agreed to sit down and talk to us." The court agreed, granting not only the six-level reduction, but also adding an additional departure of one level—to seven levels. The judge stated that she "found [Daniels'] cooperation to be extraordinary and the likes of which [she has] not seen in the 20 years" that she has been a judge. The judge therefore began with the sentencing offense level of 25 and

deducted 7. With a total offense level of 18, and a Criminal History Category of IV, the resulting guideline range was 41-51 months. The judge sentenced Daniels to 41 months.

This sentence was below the mandatory minimum of five years, applicable under 21 U.S.C. § 841(b)(1)(B). However, the government's motion for a "substantial assistance" reduction was made under U.S.S.G. § 5K1.1, which states that a court may depart below the guidelines or the mandatory minimum if the defendant has provided "substantial assistance" in investigation or prosecution.[1] Though the mandatory minimum was never explicitly acknowledged at the sentencing hearing, it was recognized in the Presentence Report, and the government explicitly moved for the six-level reduction "under 5K1.1 for substantial assistance," bringing the range below that minimum. The court discussed its reasons for granting such a reduction at length. Therefore, the ultimate sentence received by Daniels was 41 months.

Later, Amendments to the Sentencing Guidelines reduced the offense level for Daniels' offense by two levels, and this reduction was allowed to have retroactive effect by Amendment 713. *See* U.S.S.G. App. C, amend. 706, 711, 713. Based on this change, Daniels moved in June 2009 for

---

[1] The government's motion was made under § 5K1.1, which only authorizes a court to depart "from the guidelines," not the mandatory minimum. However, by authorizing a six-level increase, the government was recommending a new offense level of 19, which would result in a guideline range of 46-57 months. As this entire range is *below* the mandatory minimum of 60 months, the government was implicitly making a § 3553(e) motion as well, authorizing the court to also depart below the mandatory minimum. *See* 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance . . . . Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission . . . .")

a sentence reduction, pursuant to U.S.S.G. § 1B1.10 and 18 U.S.C. § 3582(c)(2).[2] He argued that since the district court calculated his sentence using the guideline range that has now been reduced, he is entitled to such a reduction. The government opposed the motion. The district court denied the motion, finding that the defendant was not eligible for a reduction because he was subject to a mandatory minimum sentence. This appeal timely followed.

## II.

While a district court's decision to deny a motion for sentence reduction is generally reviewed for abuse of discretion, *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010), a determination that the court lacks the authority to reduce the sentence is a question of law that we review *de novo*. *Id.* A defendant's sentence may not be modified except as provided by statute. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). Through U.S.S.G. § 1B1.10 and 18 U.S.C. § 3852(c)(2), certain Amendments to the Sentencing Guidelines were made retroactive. Section 3582(c)(1) provides that a district court may reduce a sentence that is "*based on* a sentencing range that has subsequently been lowered," but *only* "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added).

The relevant Policy Statement is U.S.S.G. § 1B1.10, which identifies when Guideline Amendments may be applied retroactively:

---

[2]"[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.s.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

> (1) In General. - In a case in which a defendant is serving a term of imprisonment, and the guideline range *applicable to* that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). . . . . [A]ny such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions. - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -
> . . .
>> (B) An amendment . . . does not have the effect of lowering the defendant's *applicable* guideline range.

U.S.S.G. § 1B1.10(a)(1)-(2)(B) (emphasis added). The application notes further clarify that a reduction is neither authorized by § 3582(c)(2) nor consistent with § 1B1.10 if the Amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutroy mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment n.1.

Taking both of these provisions into account, a defendant is eligible for a sentence reduction if an Amendment lowered the Guidelines range that his sentence was "based on," *and* lowered the Guidelines range that was "applicable to" that defendant. *See United States v. Hameed*, 614 F.3d 259, 269 (6th Cir. 2010); *United States v. Gudger*, 390 F. App'x 482, 486 (6th Cir. 2010). As this court explained in *United States v. Maxwell*, 391 F.App'x 446 (6th Cir. 2010):

> In considering whether a defendant's sentence is "based on" a Guidelines range that subsequently has been lowered, we look to "what the district court actually said and did at the original sentencing." *See* [*Hameed*, 614 F.3d at 264]. By contrast, when we consider whether a subsequently lowered Guidelines range is "applicable to" the defendant, we look to whether the sentencing framework established by statute and the Guidelines permits or requires consideration of that range in determining the defendant's final sentence. *See id.* at 268-269; *cf. United States v. Pembrook*, 609

> F.3d 381, 384-387 (6th Cir. 2010) (focusing on the Application Instructions to the Guidelines set out in U.S.S.G. § 1B1.1 in concluding that the crack-cocaine Guidelines range was inapplicable to the defendant).

*Id.* at 450. Here, the district court may have imposed a sentence that was in one sense "based on" a guideline range that was subsequently reduced: the court used the current offense level, deducted from that, and sentenced at the low end of the then-applicable range. However, though the district court, in practical terms, imposed a sentence "based on" a certain guideline range, the range was not "applicable to" the defendant: without the substantial-assistance departure, a mandatory minimum controlled instead. Though the sentencing court may use the range as a starting point or gauge for the appropriate sentence, such a sentence is actually a departure "based on the mandatory minimum imposed," which is unchanged by the Amendments. *Johnson*, 564 F.3d at 423.

Amendment 706 did lower the Guidelines range that would have been applicable to Daniels, *but for* the 60-month statutory mandatory minimum. However, because he was subject to that minimum, the minimum itself became his "applicable" Guideline range. Daniels "was not in fact sentenced based on a Guidelines range that was subsequently reduced. Rather, his sentence was based on the mandatory minimum imposed," which is unchanged by the Amendments here. *Id.* "If [Daniels] were resentenced today, the amended Guidelines would still require [the same mandatory minimum sentence], and the court would be departing from this same . . . baseline if again presented with the government's substantial assistance motion." *Id*.

### III.

The district court's order denying Daniels' § 3582(c)(2) motion for reduction of sentence is **AFFIRMED.**

**CLAY, Circuit Judge, concurring.** Although I concur in the result reached by the majority, I hesitate to concur in the reasoning of the majority opinion because of the possibility that the district court lacked the jurisdiction to impose a sentence below the applicable statutory minimum sentence. *See Melendez v. United States*, 518 U.S. 120, 130-31 (1996) (holding that a district court lacks authority to pierce a statutory minimum sentence under U.S.S.G. § 5K1.1). However, the jurisdictional issue, which was neither briefed by the parties nor addressed by the panel, is best left to another day.