**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0540n.06

Nos. 09-4137, 09-4138, 09-4171

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Aug 04, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR THE |
| JERRELL J. EDWARDS, DARRYL T. | ) NORTHERN DISTRICT OF OHIO |
| EDWARDS, and RAYMOND LAWSON, | ) |
| JR., | ) |
| | |
| Defendants-Appellants. | |

Before: MOORE and GIBBONS, Circuit Judges, and BORMAN, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** In this consolidated case, defendants-appellants

Darryl Edwards, Jerrell Edwards, and Raymond Lawson, who were each convicted of possession

with intent to distribute approximately 133.9 grams of cocaine base (crack), appeal the district

court's orders denying their motions for sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) permits the district court to reduce the term of imprisonment for a "defendant

who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the

Sentencing Commission." After the defendants were sentenced, Amendment 706 to the United

States Sentencing Guidelines ("U.S.S.G" or "Guidelines") reduced the base offense level for most

crack-cocaine offenses by two levels. Although the defendants contended that they were

---

[*]The Honorable Paul D. Borman, United States District Judge for the Eastern District of
Michigan, sitting by designation.

consequently entitled to sentencing reductions, the district court denied their motions on the ground that each defendant was sentenced pursuant to a 240-month statutory mandatory minimum sentence, not the subsequently-amended Guidelines. For the reasons that follow, we affirm.

I.

On November 19, 2003, a federal grand jury in the Northern District of Ohio returned a two-count indictment charging Darryl Edwards, Jerrell Edwards, and Lawson with (1) conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 and (2) possession with intent to distribute approximately 133.9 grams of crack cocaine in violation of §§ 841(a)(1) and 841(b)(1)(A). On January 23, 2004, the government filed informations pursuant to 21 U.S.C. § 851(a)(1) and invoked the penalty enhancement provisions of § 841(b)(1)(A) against each defendant based upon prior felony drug convictions. This penalty enhancement raised the statutory minimum sentence for each defendant from 120 months' to 240 months' imprisonment under § 841(b)(1)(A)(iii), as in effect at the time.[1]

On January 27, 2004, all three defendants pled guilty to Count 2 of the indictment pursuant to written plea agreements with the government, in which the parties stipulated that each defendant had distributed between 50 to 150 grams of crack cocaine. As part of the pleas, the government agreed to drop Count 1 of the indictment at sentencing and, provided that the defendant "fully cooperate[d] with the government," move for downward departure under 18 U.S.C. § 3553(e) and

---

[1]In 2010, the Fair Sentencing Act took effect, raising the quantity of crack cocaine necessary to trigger the 20-year statutory minimum sentence based upon a prior felony drug conviction from 50 grams to 280 grams. Pub. L. No. 111–220, § 2(a)(1), 124 Stat. 2372 (Aug. 3, 2010), codified at 21 U.S.C. § 841(b)(1)(A)(iii).

U.S.S.G. § 5K1.1 for substantial assistance. This downward departure allowed the district court to pierce the 240-month statutory minimum and impose a lower sentence.

Following the guilty pleas, the probation office prepared presentence reports ("PSR") for the defendants, stating that each defendant faced a statutory mandatory minimum sentence of 240 months under the penalty enhancement provisions of § 841(b)(1)(A). Before the application of this mandatory minimum, Lawson's PSR assigned a total offense level of 29 and a recommended sentencing range of 151 to 181 months' imprisonment, which incorporated a base offense level of 32, a three-point reduction for acceptance of responsibility, and a criminal history category of VI. However, the PSR further stated that "where a statutorily required minimum sentence is greater than the maximum of the applicable guideline sentence, the statutorily required minimum sentence shall be the guideline sentence pursuant to USSG § 5G1.1(b)" and "becomes the guideline sentencing range." In accordance with the plea agreement, the PSR also stated that at sentencing Lawson would receive a four-point reduction for acceptance of responsibility and substantial assistance to the government, thereby permitting sentencing below the 240-month mandatory minimum.

The probation office stated that Jerrell Edwards and Darryl Edwards were also subject to the 240-month mandatory minimum based upon their prior felony drug convictions. Darryl Edwards' PSR assigned a base offense level of 33, the first offense level that incorporated the mandatory minimum sentence and his criminal history category of V. The PSR indicated that he would receive a five-point reduction at sentencing for acceptance of responsibility and substantial assistance to the government, resulting in an adjusted offense level of 28 and a recommended sentencing range of 130

to 162 months' imprisonment. Jerrell Edwards' PSR did not indicate the impact of his plea agreement, which had been filed under seal.

All three defendants were sentenced on April 1, 2004. At Lawson's sentencing hearing, a probation officer explained that, although Lawson's total offense level was 32 because of the 240-month statutory minimum, his adjusted offense level was 28 "by the application of 5K1.1 and the three-level [reduction] for acceptance [of responsibility]," which resulted in a sentencing range of 140 to 175 months' imprisonment. However, because the district court granted one of Lawson's objections to his criminal history category, resulting in a criminal history category of V, his ultimate sentencing range was 130 to 162 months. The district court then imposed the minimum term of imprisonment available under the Guidelines, sentencing Lawson to 130 months' imprisonment and five years of supervised release.

Darryl Edwards and Jerrell Edwards also received below-minimum sentences. After the district court granted the government's motions for downward departure for acceptance of responsibility and substantial assistance, Darryl Edwards had an adjusted offense level of 28 and a criminal history category of V. The district court sentenced him to 130 months' imprisonment and five years of supervised release. Jerrell Edwards had an adjusted offense level of 30, a criminal history category of IV, and a sentencing range of 135 to 168 months. He was sentenced to 135 months' imprisonment and five years of supervised release.

On November 1, 2007, Amendment 706 to the Sentencing Guidelines took effect and reduced the base offense level for most crack-cocaine violations by two levels. U.S.S.G. app. C, amend. 706 (Nov. 1, 2007). In March 2008, Amendment 713 made Amendment 706 retroactive. *Id.*, amend.

713 (Mar. 3, 2008). In light of these amendments, the defendants filed motions for sentencing

reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 on the grounds that Amendment

706 reduced their total offense levels by two points, that their amended sentencing range was 110

to 137 months, and that their sentences should be reduced to 110 months' imprisonment.[2]

On August 27, 2009, and September 15, 2009, the district court issued two orders denying

the defendants' motions under this court's precedent in *United States v. Johnson*, 564 F.3d 419 (6th

Cir. 2009). The court held that it lacked jurisdiction to grant the sentencing reductions because the

defendants were sentenced subject to the 240-month mandatory minimum and not under the

subsequently-amended crack cocaine Guidelines. Thereafter, all defendants filed timely notices of

appeal.

## II.

We typically review a district court's decision denying a motion for sentence reduction for

an abuse of discretion. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010); *see also United

States v. Daniels*, No. 09-3863, 2011 WL 1564061, at *2 (6th Cir. April 27, 2011). However,

"whether a district court lacks the authority to reduce a defendant's sentence is a question of law we

review *de novo*." *Curry*, 606 F.3d at 327; *see also United States v. Wiley*, No. 09-4545, 2011 WL

---

[2]18 U.S.C. § 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1441915, at *2 (6th Cir. April 15, 2011); *Daniels*, 2011 WL 1564061, at *2.  Here, because the

district court held that it lacked jurisdiction to reduce the defendants' sentences under this court's

precedent in *Johnson*, we apply *de novo* review.

A defendant's sentence may not be modified except as provided by statute.  *Johnson*, 564

F.3d at 421.  Section 3582(c)(2) permits a sentence modification "in the case of a defendant who has

been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  But, this modification is

permissible only if the "reduction is consistent with applicable policy statements issued by the

Sentencing Commission." *Id.*

The relevant policy statement is provided in U.S.S.G. § 1B1.10, which states, in pertinent

part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2) . . . . [A]ny such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
> . . .
>
> (B) [A]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(1)–(2)(B).  The application notes clarify that a reduction in the defendant's

term of imprisonment is neither authorized by § 3582(c)(2) nor consistent with the policy statement

in § 1B1.10 if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1 (2008). Thus, taking into account the provisions of § 3582(c) and § 1B1.10, "a defendant may be eligible for a sentence reduction when (i) he has been sentenced 'based on' a Guidelines range that subsequently has been lowered and (ii) the Guidelines range 'applicable to' the defendant has been lowered as a result of an amendment listed in § 1B1.10(c)." *United States v. Maxwell*, 391 F. App'x 446, 449 (6th Cir. 2010).

## A.

All three defendants contend that they were eligible for sentencing reductions under § 3582(c)(2) because the district court relied upon sentencing ranges derived from the crack-cocaine Guidelines after it granted the government's 18 U.S.C. 3553(e) /§ 5K1.1 motion for downward departure for substantial assistance and because their sentences were therefore "based on" these subsequently lowered Guidelines. The government, in turn, maintains that the defendants' sentences were "based on" the 240-month mandatory minimum imposed under 21 U.S.C. §§ 841(b)(1)(A) and 851, which remains unchanged by Amendment 706.

To determine whether a defendant's sentence was "based on" a Guidelines range that was subsequently lowered, this court evaluates "what the district court actually said and did at the original sentencing." *United States v. Hameed*, 614 F.3d 259, 264 (6th Cir. 2010) (quoting *United States v. Hargrove*, 628 F. Supp. 2d 241, 244 (D. Mass. 2009)). However, to prevail upon a claim alleging entitlement to a sentencing reduction under § 3582(c)(2), the defendant must also show that

this subsequently lowered Guidelines range was "applicable to" his sentence. *Id.* at 268–69; *see also Maxwell*, 391 F. App'x at 450. To satisfy this inquiry, this court "look[s] to whether the sentencing framework established by statute and the Guidelines permits or requires consideration of that range in determining the defendant's final sentence." *Daniels*, 2011 WL 1564061, at *3 (citing *Hameed*, 614 F.3d at 268–69).

Although the defendants contend that their sentences were, in fact, "based on" the subsequently lowered crack cocaine Guidelines, we need not address this argument because the defendants have not alleged, much less proven, that any Guidelines range lowered by Amendment 706 was "applicable to" their sentences. *See Maxwell*, 391 F. App'x at 449–50 (finding it unnecessary to address the "based on" requirement when the subsequently lowered Guidelines range was not "applicable to" the defendant, who was subject to a mandatory minimum sentence); *see also Wiley*, 2011 WL 1441915, at *2 (stating that the court "need not determine whether the sentence . . . was 'based on' the crack cocaine guidelines because . . . the sentencing range lowered by Amendment 706 was not the defendant's 'applicable guideline range'").

In *Maxwell*, defendant Maxwell sought a sentence reduction under § 3582(c)(2) after pleading guilty to various crack cocaine offenses. 391 F. App'x at 447. Like the defendants here, Maxwell faced a mandatory minimum sentence due to his prior felony drug convictions, was granted a downward departure for substantial assistance, and received a below-minimum sentence within the otherwise-applicable Guidelines range of 292 to 365 months. *Id.* at 448. After the district court denied Maxwell's § 3582(c)(2) motion, we affirmed that judgment, reasoning that the Guidelines range of 292 to 365 months "was not 'applicable to' Maxwell because his two previous felony drug

convictions rendered him subject to a statutorily mandated minimum sentence of life imprisonment." *Id.* at 450; *see also Daniels*, 2011 WL 1564061, at *3 ("Amendment 706 did lower the Guidelines range that would have been applicable to Daniels, *but for* the 60-month statutory minimum. However, because he was subject to that minimum, the minimum itself became his 'applicable' Guideline range.") We also concluded that the range of 292 to 365 months was not "applicable to" the district court's calculation of Maxwell's downward departure because "the appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself." *Maxwell*, 391 F. App'x at 450 (quoting *United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002)). Thus, "application of the subsequently lowered Guidelines range was neither permitted nor required in calculating the mandatory minimum sentence or the downward departure from it." *Id*.

In this case, the defendants each faced a 240-month mandatory minimum sentence based upon a prior felony drug conviction, but they were sentenced below this minimum following the government's motions for downward departure for substantial assistance. Consequently, Lawson and Darryl Edwards each had an adjusted offense level of 28, a criminal history category of V, and a sentencing range of 130 to 162 months. Jerrell Edwards had an adjusted offense level of 30, a criminal history category of IV, and a sentencing range of 135 to 168 months. These ranges, as the defendants argue, have been modified by Amendment 706.

Nevertheless, as we held in *Maxwell*, Lawson, Darryl Edwards, and Jerrell Edwards are not entitled to sentencing reductions because the imprisonment ranges of 130 to 162 months and 135 to 168 months were not "applicable to" them, given that each defendant was sentenced subject to the

240-month mandatory minimum, then required by § 841(b)(1)(A). *See, e.g.*, *Daniels*, 2011 WL 1564061, at *3 (noting that because the defendant "was subject to that [statutory] minimum, the minimum itself became his 'applicable' Guidelines range"). Thus, "without the substantial-assistance departure, [the] mandatory minimum controlled instead" and served as the Guidelines range applicable to the defendants. *Id.*; *see also Johnson*, 564 F.3d at 423 (rejecting an analogous claim for sentencing reduction by a defendant who faced a 240-month mandatory minimum sentence but who was sentenced to 108 months' imprisonment after the government moved for a substantial assistance departure because "the amended Guidelines would still require a sentence of 240 months, and the court would be departing from this same 240-month baseline if again presented with the government's substantial assistance motion").

The court notes that the Fair Sentencing Act of 2010 ("FSA"), Pub. L. 111-220, effective November 1, 2010, increased the crack cocaine quantity threshold required to trigger the 5-year mandatory minimum term of imprisonment from 5 grams to 28 grams, and the quantity threshold to trigger the 10-year mandatory minimum threshold from 50 grams to 280 grams. *See* 21 U.S.C. §§ 841(b)(1)(A), (B), (C); 960(b)(1), (2), (3). The FSA did not contain a provision that these statutory changes were to be applied retroactively.

B.

The defendants also argue that the district court failed to weigh the sentencing factors enumerated in 18 U.S.C. § 3553(a) and therefore contravened the Supreme Court's precedent in *United States v. Booker*, 543 U.S. 220 (2005), and its progeny by treating the Guidelines as mandatory. However, this argument was recently foreclosed by *Dillon v. United States*, 130 S. Ct.

2683, 2691 (2010). In *Dillon*, the Supreme Court stated that § 3582(c)(2) "establishes a two-step inquiry," in which "[a] court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.*; *see also United States v. Grant*, 636 F.3d 803, 815 (6th Cir. 2011) (*en banc*) (stating that in *Dillon*, "the Supreme Court held that *Booker* does not apply to sentence reductions under 18 U.S.C. § 3582(c)(2)").

Here, because Amendment 706 did not reduce the Guidelines range "applicable to" the defendants, a sentencing reduction was not consistent with § 1B1.10. Thus, under *Dillon*, the district court had no authority to evaluate whether a reduction was warranted under § 3553(a), and it did not err in rejecting the defendants' motions for sentencing reduction under § 3582(c)(2). *See United States v. Watkins*, 625 F.3d 277, 282 (6th Cir. 2010) (stating that, in light of the Supreme Court's decision in *Dillon*, "the district court correctly held that because the requirements of section 1B1.10 were not met . . . it did not have the authority to permit a sentence reduction under section 3582(c)(2)").

III.

For the foregoing reasons, we affirm the district court.