**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4120**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DERRICK TERRELL JONES,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
Chief District Judge.  (5:09-cr-00377-FL-1)

---

Submitted:  August 29, 2011          Decided:  September 15, 2011

---

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Kristine L. Fritz, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Terrell Jones pled guilty, pursuant to a plea agreement, to one count of possession of more than five grams of cocaine base, in violation of 21 U.S.C.A. § 844(a) (West Supp. 2011). The district court sentenced Jones to fifty-one months in prison, followed by three years of supervised release, and levied a $100 special assessment. Jones now appeals, contending that the district court erred when it failed to apply the provisions of the Fair Sentencing Act of 2010 (FSA) when imposing the sentence. Both Jones and the Government request that the sentence be vacated and the matter remanded for resentencing in conformity with the FSA. Accordingly, we affirm Jones's conviction, but we vacate Jones's sentence and remand the case to the district court to permit resentencing. By this disposition, however, we indicate no view as to whether the FSA is retroactively applicable to a defendant like Jones whose offenses were committed prior to August 3, 2010, the effective date of the Act, but who was sentenced after that date. We leave that determination in the first instance to the district court.[*]

---

[*] We note that at Jones's January 21, 2011 sentencing hearing, counsel for the defendant unsuccessfully argued for retroactive application of the FSA. Nevertheless, in light of the Attorney General's revised view on the retroactivity of the FSA, as well as the development of case law on this point in other jurisdictions, we think it appropriate, without indicating (Continued)

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

any view as to the outcome, to accord the district court an opportunity to consider the matter anew.