BYE, Circuit Judge,
concurring in the judgment.
Because I am bound by Circuit precedent, see United States v. Brewer, 624 *533 F.3d 900, 909 n. 7 (8th Cir.2010), I reluctantly concur in the judgment. I write separately to express my disagreement with this Court’s conclusion in Brewer the absence of an express statement of retro-activity in the FSA precludes its retroactive application to defendants sentenced after its enactment. Currently, the circuits are split on this issue. Compare United States v. Dixon, 648 F.3d 195, 203 (3d Cir.2011) (holding the FSA requires application of the new mandatory minimums to all defendants sentenced after the enactment of the Act, irrespective of when the offense conduct occurred); United States v. Douglas, 644 F.3d 39, 44 (1st Cir.2011) (same); and United States v. Rojas, 645 F.3d 1234, 1240 (11th Cir.2011) (same), rehearing en banc granted and opinion vacated, 659 F.3d 1055 (11th Cir. 2011) with United States v. Fisher, 635 F.3d 336, 340 (7th Cir.2011) (concluding the absence of an express statement of retroactivity bars the retroactive application of the FSA); United States v. Acoff, 634 F.3d 200, 201-02 (2d Cir.2011) (per curiam) (same); United States v. Edwards, 432 Fed.Appx. 558, 563 (6th Cir.2011) (slip copy) (same). The Ninth Circuit has not yet spoken on this precise issue, see United States v. Baptist, 646 F.3d 1225, 1227-28 (9th Cir.2011) (per curiam) (holding the FSA does not apply retroactively to defendants whose conduct and sentencing occurred prior to the enactment of the Act) (emphasis added), and the Fourth Circuit has declined to address it, see United States v. Jones, 446 Fed.Appx. 631, 632 (4th Cir.2011) (slip copy) (expressing no view on the FSA’s retroactive applicability to defendants whose offenses were committed before the law’s enactment but who were sentenced after the FSA’s passage). I agree with the circuit courts holding the fair and necessary implication of the FSA is Congress intended the new mandatory minimums to apply to all sentences after the Act’s enactment. See, e.g., Dixon, 648 F.3d at 203.
In Brewer, this Court held “the Fair Sentencing Act contains no express statement that is retroactive, and thus the ‘general savings statute,’ 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed.” 624 F.3d at 909 n. 7. But the Supreme Court’s interpretation of the savings statute is not as narrow as Brewer makes it to be. The Supreme Court has held the savings statute “cannot justify a disregard of the will of Congress as manifested, either expressly or by necessary implication, in a subsequent enactment.” Great N. Ry. Co. v. United States, 208 U.S. 452, 465, 28 S.Ct. 313, 52 L.Ed. 567 (1908) (emphasis added). Thus, the savings statute “must be enforced unless, either by express declaration or necessary implication, arising from the terms of the law as a whole, it results that the legislative mind will be set at naught by giving effect to the provisions of [the statute].” Id.; see also Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 659 n. 10, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974) (stating “only if [the statute at issue] can be said by fair implication or expressly to conflict with [the savings statute] would there be reason to hold [the statute at issue] superseded [the savings statute]”) (emphasis added). I join in the reasoning of those circuit courts which have concluded, notwithstanding the absence of an express statement of retroac-tivity, the necessary, fair, and only implication of the FSA is Congress intended for the new mandatory minimums to apply to all defendants sentenced after the enactment of the Act. See, e.g., Dixon, 648 F.3d at 200-03; Douglas, 644 F.3d at 43-46; see also United States v. Holcomb, 657 F.3d 445, 454-62 (7th Cir.2011) (Williams, J., dissenting from denial of rehearing en banc).
*534 As stated in its Preamble, Congress passed the FSA to “restore fairness” to federal cocaine sentencing. It sought to do so by establishing new mandatory minimums and expecting sentencing courts to begin applying these new mandatory minimums immediately. To hold otherwise, begs the question others have asked before me: “[W]hy would Congress want sentencing judges to continue to impose sentences that it had already declared to be unfair?” Holcomb, 657 F.3d at 457 (Williams, J., dissenting) (emphasis in original); see also United States v. Douglas, 746 F.Supp.2d 220, 229 (D.Me.2010). I cannot find an appropriate answer to this question in our Circuit precedent. Despite being bound by precedent, I cannot agree the absence of an express statement of retroactivity in the FSA means Congress intended for sentencing judges to continue to impose unfair sentences even after the passage of the Act, for such a practice undoubtedly produces an absurd result. Therefore, I reluctantly concur in the judgment.