**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0447n.06

No. 09-4163

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

**FILED**

*Jul 01, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    **Plaintiff-Appellee,** )    **ON APPEAL** FROM THE
) UNITED STATES DISTRICT
v. ) COURT FOR THE NORTHERN
) DISTRICT OF OHIO
DAVID W. WRIGHT, )
) **O P I N I O N**
    **Defendant-Appellant.** )
_____ )

**Before: MOORE and WHITE, Circuit Judges, and VARLAN, District Judge.**[*]

**THOMAS A. VARLAN, District Judge.** David W. Wright ("Wright") appeals from the

denial of his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). Wright pled guilty to

possessing with intent to distribute cocaine and crack-cocaine (count one) and using or carrying a

firearm in relation to a drug-trafficking crime (count two), and was sentenced as a career offender

under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). At sentencing, the district

court found that Wright's Guidelines range was 151 to 188 months' imprisonment for count one, and

the statutory mandatory minimum of 60 months' imprisonment, consecutive, for count two. The

district court varied below Wright's Guidelines range for count one, sentencing him to 63 months'

imprisonment for that count. The district court imposed the statutory mandatory minimum sentence

of 60 months, consecutive, for count two, for a total sentence of 123 months' imprisonment.

---

[*]The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Thereafter, Wright filed a motion for reduction of sentence under § 3582(c)(2), relying on amendments to the Sentencing Guidelines that lowered the Guidelines ranges applicable to most crack-cocaine offenses. The district court denied the motion, and we **AFFIRM**.

## I. BACKGROUND

In July 2004, Wright was charged in a four-count indictment with possessing with intent to distribute crack-cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (count one); using or carrying a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (count two); maintaining a drug residence, in violation of 21 U.S.C. § 856(a)(1) (count three); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (count four). Wright entered a written plea agreement to counts one and two, and the government agreed to request dismissal of the remaining counts and to recommend a three-level reduction in Wright's offense level as long as his conduct continued to reflect acceptance of responsibility. Wright also stipulated that he was subject to the enhanced penalty provisions for career offenders under U.S.S.G. § 4B1.1, that his offense level for count one would be 32, and that his criminal history category would be VI.

The Presentence Investigation Report ("PSR") provided that, pursuant to U.S.S.G. § 2D1.1(c)(11), Wright's base offense level for count one was 18. Due to his designation as a career offender and the stipulations in the plea agreement, Wright's offense level was adjusted to 32. After a three-level reduction for acceptance of responsibility, Wright's total offense level for count one was 29, which, with an accompanying criminal history category of VI, yielded a Guidelines range of 151 to 188 months' imprisonment for count one. Pursuant to U.S.S.G. § 2K2.4(b), Wright's Guidelines range for count two was 60 months' imprisonment, consecutive, the statutory mandatory minimum under § 924(c). Neither party objected to the PSR.

2

At sentencing, the district court noted that Wright would have had a lower base offense level, but for his career-offender designation. After reducing Wright's offense level by three for acceptance of responsibility, the district court determined, and the parties agreed, that an offense level of 29 and a criminal history category of VI resulted in a Guidelines range of 151 to 188 months for count one, followed by a mandatory sentence of at least 60 months, consecutive, for count two. After hearing the parties' positions on an appropriate sentence, the district court found that a sentence at the low end of the Guidelines range for count one, followed by a consecutive 60 months for count two, would be unreasonable given Wright's age and the nature and circumstances of his offense. Consequently, the district court varied below Wright's Guidelines range for count one, stating that:

> On Count 1, I am going to sentence you to a sentence of 63 months . . . and I do this . . . [because] but for the Career Offender designation, you would be at offense, adjusted offense level 15. Career Offender puts you at 22 [sic]; halfway in between is 24. And you would be at a category three, based on your two convictions.
> So I'm going to impose a sentence in the . . . advisory guideline range for offense level 24, criminal history category three. That is 63 to 78 months.

Sent. Tr. at 24-25 ("[sic]" in original). The district court then sentenced Wright to a total of 123 months' imprisonment, 63 months for count one and 60 months, consecutive, for count two.

In July 2009, Wright moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 706, as modified by Amendment 711, which reduced the base offense level for most crack-cocaine offenses by two levels, and Amendment 713, which allowed the changes made by Amendments 706 and 711 to have retroactive effect. *See* U.S. Sentencing Guidelines Manual, app. C, amends. 706, 711, 713 (Supp. 2008). Wright argued that he was entitled to a two-level reduction in his offense level because his sentence for count one was based on U.S.S.G. § 2D1.1, the amended

Guidelines provision for crack-cocaine offenses. The government opposed the motion, arguing that the changes wrought by Amendment 706 did not apply to Wright because he was sentenced as a career offender. The district court denied Wright's motion. This appeal followed.

## II. ANALYSIS

A district court's decision whether to grant a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) is generally reviewed for abuse of discretion. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). A district court's determination that it lacks the authority to reduce a sentence is a question of law that is reviewed *de novo*. *Id.*

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 1537 (2010) (citing *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001)). Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission provided further guidance regarding sentence reductions in U.S.S.G. § 1B1.10:

> (1) In General. -- In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

> (2) Exclusions. -- A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if --

. . .

> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(1), (2). The application note to § 1B1.10 clarifies that a reduction is not authorized by § 3582(c) or consistent with the Guidelines if the amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, cmt. n.1.(A).

Taking the above into account, the test for determining a defendant's eligibility for a sentence reduction under § 3582(c)(2) asks whether (1) the sentence was "based on a sentencing range that has been subsequently lowered by the Sentencing Commission[;]" and (2) whether, consistent with the applicable policy statements, the sentencing range lowered by the Sentencing Commission "ha[s] the effect of lowering" the particular defendant's "applicable guideline range." *United States v. Pembrook*, 609 F.3d 381, 383-84 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1599 (2011); *see United States v. Hameed*, 614 F.3d 259, 269 (6th Cir. 2010); *United States v. Maxwell*, 391 F. App'x 446, 450 (6th Cir. 2010).

In considering Wright's motion for reduction of sentence, the district court determined that Wright's 63-month sentence for count one was "not based on a sentencing range that has subsequently been lowered" by the Sentencing Commission because the district court's "starting point" for the sentencing calculation was 32, the offense level for career offenders under U.S.S.G. § 4B1.1(b), and not the base offense level determined by the subsequently amended drug quantity table of U.S.S.G. § 2D1.1(c). Mem. Op. & Order at 3. The district court then concluded that "[t]he

5

Sixth Circuit has consistently held that Amendment 706 offers no relief to those defendants who have been sentenced as career offenders." *Id.*

Wright argues that the district court improperly held that Amendment 706 does not provide relief to defendants sentenced as career offenders. He argues that a defendant who qualifies as a career offender remains eligible for a sentence reduction under § 3582(c)(2) when U.S.S.G. § 2D1.1(c), the amended crack-cocaine Guidelines provision, is an applicable guideline to the defendant's original sentence. In the alternative, Wright argues that he was not sentenced as a career offender because the district court varied from the offense level and criminal history category set by U.S.S.G. § 4B1.1(b).

This court considered facts similar to this case in *United States v. Pembrook*. Like Wright, the defendant in *Pembrook* was sentenced as a career offender. 609 F.3d at 382. At sentencing, Pembrook prevailed upon the district court to depart downward, pursuant to U.S.S.G. §§ 4A1.3 and 5K2.0, arguing that his criminal history category significantly over-represented the seriousness of his past conduct and that his case fell outside the heartland of cases covered by the Sentencing Guidelines. *Id.* at 383. Pembrook suggested a departure from his career-offender Guidelines range to a sentence within the Guidelines range for his crack-cocaine offenses. *Id.* The district court granted the departure, observing that, but for Pembrook's career-offender designation, he would be at the lower crack-cocaine Guidelines range. *Id.* The district court imposed a sentence within that lower range, noting that the sentence was within the range that would have applied to Pembrook had he not qualified as a career offender. *Id.* After adoption of Amendment 706, Pembrook moved for a sentence reduction under § 3582(c)(2). *Id.* The district court denied the motion and Pembrook appealed. *Id.*

On appeal, Pembrook argued that his "applicable guideline range" under U.S.S.G. § 1B1.10 was the lower crack-cocaine Guidelines range the district court referenced when it chose to depart downward. *Id.* at 384. This court disagreed, finding that the "applicable guideline range for the purposes of U.S.S.G. § 1B1.10 is the range that applies before the sentencing court grants any discretionary departures[,]" and Pembrook's "applicable guideline range" was therefore his career-offender range, not the crack-cocaine range to which the district court departed. *Id.* at 387. This court then concluded that because Amendment 706 did not have the effect of lowering Pembrook's "applicable guideline range," he was not eligible for a sentence reduction under § 3582(c)(2). *Id.*

In this case, the district court observed that Wright would have had a lower base offense level and a lower Guidelines range, but for his career-offender designation. The district court varied below Wright's career-offender Guidelines range, locating a range that reflected a halfway point between his career-offender Guidelines range and his crack-cocaine Guidelines range. Thus, under *Pembrook*, Wright's "applicable guideline range" for purposes of U.S.S.G. § 1B1.10 was his career-offender Guidelines range, the Guidelines range that applied before the district court varied downward. *See Pembrook*, 609 F.3d at 387. We find, therefore, that the district court was correct in holding that Wright was sentenced under his career-offender Guidelines range, not his crack-cocaine Guidelines range, and that Amendment 706 did not have the effect of lowering Wright's "applicable guideline range."[1]

---

[1]The district court in *Pembrook* granted a downward "departure" from the career-offender Guidelines range, *see Pembrook*, 609 F.3d at 382, while the district court in this case granted a downward "variance." This distinction, however, does not alter the analysis. *See United States v. Bridgewater*, 606 F.3d 258, 261 (6th Cir. 2010) (finding that Amendment 706 has no effect on a defendant sentenced as a career offender and that the district court's use of a "variance" as opposed to a "departure" was of no consequence).

Wright also argues that the district court abused its discretion in not considering the 18 U.S.C. § 3553(a) factors in its consideration of Wright's motion for reduction of sentence, in violation of *United States v. Booker*, 543 U.S. 220 (2005) and its progeny. The United States Supreme Court, however, recently rejected the argument that *Booker* applies to sentence-reduction proceedings under § 3582(c)(2). *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010) ("A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."). This court has similarly recognized that *Dillon* forecloses this argument. *See United States v. Watkins*, 625 F.3d 277, 282 (6th Cir. 2010); *Hameed*, 614 F.3d at 267; *Maxwell*, 391 F. App'x at 450-51.

### III. CONCLUSION

The district court's order denying Wright's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) is **AFFIRMED**.